■ BLAKE WESTBROOK, Respondent, v GEORGE DISTRIBUTING, INC., Defendant, and ALAN GEORGE, Appellant. — Kane, J. P. Appeal from a judgment of the Supreme Court in favor of plaintiff, entered December 19, 1983 in Broome County, upon a verdict rendered at Trial Term (Smyk, J.).

Defendant Alan George is an officer and employee of defendant George Distributing, Inc., which is a closely held family corporation engaged in the beer distributing business in Broome County.[*] Plaintiff was employed at George Distributing from 1977 until the incident giving rise to this case occurred. As general manager of George Distributing, defendant was plaintiff's immediate supervisor and the two were in contact almost every day.

At about 8:00 A.M. on August 6, 1981, plaintiff arrived at George Distributing to pick up his delivery orders for the day and proceeded to load his truck with beer to fill those orders. Plaintiff's first stop was at Lane's Fast Foods, a store in the City of Binghamton. Shortly after plaintiff left George Distributing to make his deliveries, defendant, who was still in the warehouse, discovered that the garage-type door to the warehouse beer cooler was broken. Although defendant did not see plaintiff break the cooler door, he assumed plaintiff was responsible and set out to find him.

Defendant drove to Lane's Fast Foods where he saw the delivery truck plaintiff was driving. Not finding plaintiff around the truck, defendant walked through Lane's until he found plaintiff stacking cases of bottled beer. The parties' versions of who was the initial aggressor are conflicting; however, a scuffle did occur during which several beer bottles were knocked down and smashed on the floor. After the incident, plaintiff left the scene and never resumed his employment at George Distributing.

Plaintiff commenced the present action against George Distributing and defendant for compensatory and punitive damages resulting from defendant's alleged assault on plaintiff. After

---

[*] The complaint against George Distributing, Inc., was dismissed and it is not a party on this appeal. Therefore, any future reference to defendant is to Alan George.

trial, the jury rendered a verdict in favor of plaintiff, finding $8,500 in compensatory damages and $1,500 in punitive damages. This appeal by defendant ensued.

Defendant's initial argument is that the trial court erred by instructing the jury as to plaintiff's right to recover lost income as compensatory damages, when it had previously precluded the introduction of evidence as to lost wages at trial. We agree. Plaintiff's complaint, *inter alia,* sought recovery for lost wages resulting from defendant's assault on him. This aspect of damages is not based upon any incapacity due to direct physical injuries inflicted by defendant. Indeed, plaintiff's physical injuries were apparently minimal since it was undisputed that he never sought medical attention and played rugby in the afternoon on the day of the incident. Rather, plaintiff's claim for lost wages is based upon his alleged fear that defendant would harm him if he returned to work. During the trial, however, the trial court prohibited plaintiff from introducing evidence of his lost wages on the ground that such evidence was too speculative since plaintiff was an employee at will and could have been terminated or quit at any time after the incident (*see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-302).

Despite the above ruling, the trial court charged the jury that they could compensate plaintiff for the loss of his job if they found that plaintiff was justified in his fear of defendant such that he could not safely return to work. As part of that charge, the court instructed the jury that those damages should "fairly compensate him for the loss of income" resulting from the loss of his job. Defendant objected to the charge when made and again when the jury was reinstructed as to damages.

From the general verdict of $8,500 in compensatory damages, it is impossible to discern what portion, if any, is attributable to lost income. This fact, together with the total lack of evidence as to lost income upon which the jury could award compensatory damages, necessitates a new trial as to compensatory damages. In so ruling, we note our agreement with the trial court's original ruling that evidence of lost wages in this case is mere speculation since plaintiff was an employee at will (*see,* 8 Carmody-Wait 2d, NY Prac § 56:21, at 74 [1966]).

Turning to the jury's award of punitive damages, defendant contends the $1,500 award was excessive. A review of the record reveals that this argument is without merit (*see, Nardelli v Stamberg,* 44 NY2d 500, 503-504).

Judgment modified, on the law, without costs, by reversing so much thereof as awarded compensatory damages to plaintiff; matter remitted to Trial Term for a new trial on such damages;

and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.