■ MOLLY COHEN, Appellant, v MARY TERRANELLA, Sued Herein as MARY TARRANELLA, Defendant and Third-Party Plaintiff-Respondent. ABRAHAM COHEN et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries sustained in an automobile accident, plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Bambrick, J.), entered August 9, 1984, as was in favor of defendant upon a jury verdict.

Judgment reversed, insofar as appealed from, with costs to appellant payable by defendant, plaintiff is awarded judgment as a matter of law against defendant on the issue of liability, and matter remitted to the Supreme Court, Queens County for a trial on the issue of damages.

This action arises from an automobile accident which occurred on the Cross Bronx Expressway on July 10, 1980. The plaintiff was a passenger in the automobile operated by her husband and owned by Rogers Leasing Corporation. The car plaintiff was riding in stopped, shortly after changing lanes, in slow-moving and congested traffic, and was struck in the rear by the defendant's car. Absent some excuse, it is negligence as a matter of law if a stopped car is hit in the rear (*Carter v Castle Elec. Contr. Co.,* 26 AD2d 83).

At the time of the accident, traffic on the expressway was concededly congested and proceeding in a "stop-and-go" fashion. Defendant testified that she had stopped her car after plaintiff's car had changed lanes and that the accident occurred when she started to reaccelerate her car without noticing that plaintiff's car had stopped. On these facts, since the change of lane had been completed without an accident, it could not have been the proximate cause of the accident which occurred later. Further, in traffic which is proceeding in a "stop-and-go" fashion it was foreseeable that the preceding car would stop.

We also find that the trial court's instructions with respect to the duty to signal when changing lanes were prejudicial to plaintiff as there was no evidence that changing lanes was a proximate cause of the accident.

Thus, the jury verdict in favor of defendant could not have been reached on any fair interpretation of the evidence (*Tannenbaum v Mandell*, 51 AD2d 593), and, going one step further, it is clear that plaintiff was entitled to judgment as a matter of law. Brown, J. P., O'Connor, Weinstein and Rubin, JJ., concur.