■ JOSEPHINE McCARTHY et al., Appellants, v RAYMOND MILLER, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Vaughn, J.), entered March 26, 1987, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is granted, with costs to abide the event.

On September 19, 1983, at about 3:00 P.M., an automobile owned and operated by the plaintiff Francis McCarthy, in which the plaintiff Josephine McCarthy was a passenger, was stopped facing east on Jericho Turnpike in Huntington waiting to make a left turn. While the plaintiffs' automobile was stopped it was struck in the rear by the defendant's automobile, which had been proceeding in an easterly direction on Jericho Turnpike. The defendant contended that he did not see the plaintiffs' automobile until the vehicle he had been following moved into another lane. He further stated that he jammed on the brakes and swerved to his right but was unable to avoid the accident.

The defendant was required to maintain a reasonably safe distance from the vehicle he was following and to be aware of traffic conditions (Vehicle and Traffic Law § 1129 [a]). It was also the duty of the defendant to operate his automobile with reasonable care with regard to the actual and potential hazards existing from road and traffic conditions; to have his automobile under reasonable control; and to see that which, under the facts and circumstances, he should have seen by the proper use of his senses (1 NY PJI2d 224, 225). Since the defendant testified that he was driving in "fairly heavy" traffic, it was reasonably foreseeable that an automobile was ahead of the one he was following. Under the circumstances in this case, the verdict in favor of the defendant could not have been reached on a fair interpretation of the evidence,

and is against the weight of the evidence. Consequently, the verdict should be set aside *(see, Nicastro v Park,* 113 AD2d 129; *see also, Cohen v Terranella,* 112 AD2d 264; *Dickens v Merritt,* 123 AD2d 738, 739; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833).

With regard to the new trial, we note that the court should not have charged the emergency doctrine on this routine rearend traffic accident *(see, Hardy v Sicuranza,* 133 AD2d 138; *Kowchefski v Urbanowicz,* 102 AD2d 863). Also, in marshaling the evidence it was improper for the court to have stated to the jury that "there has been some testimony here about a car turning and avoiding the plaintiffs' vehicle". That testimony by the defendant had been properly stricken and should not have been referred to by the court in the charge *(see, Westbrook v George Distrib.,* 111 AD2d 440, 441). Kunzeman, J. P., Eiber, Spatt and Sullivan, JJ., concur.