■ ANN DUPONT, Respondent, v MILTON REISNER, Appellant, and IBRAHIM M. IBRAHIM et al., Respondents. [617 NYS2d 25] — Order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about October 29, 1993, granting defendants Ibrahim and Mera Taxi Corp.'s motion for summary judgment dismissing the complaint against them, unanimously reversed, on the law, without costs or disbursements, and the motion denied.

Plaintiff, a passenger in a vehicle owned and operated by defendant Reisner, sues for injuries sustained when the Reisner vehicle struck in the rear a taxicab owned and operated by defendants Mera Taxi Corp. and Ibrahim, respectively. The accident occurred at the intersection of Third Avenue and 79th Street in Manhattan. At his deposition, Ibrahim testified that his vehicle was stopped for at least 10 seconds before the collision. Reisner, who was concededly travelling at 25 to 30 miles per hour, testified that the taxicab stopped, suddenly and without warning, 10 feet in front of him at a time when the light was green in its favor. Ibrahim testified that he came to a stop because of the heavy traffic in front of him. According to Reisner, inspection of the roadway after the accident revealed a rectangular shaped pothole, 2 to 3 feet by 5 to 6 feet, situated a few feet in front of the taxicab.

On these somewhat consistent yet varying accounts of the accident, summary judgment should not have been granted. Ibrahim had a duty to operate the taxicab "with reasonable care with regard to the actual and potential hazards existing from road and traffic conditions; to have his automobile under reasonable control; and to see that which, under the facts and circumstances, he should have seen by the proper use of his senses" (*McCarthy v Miller*, 139 AD2d 500). A jury might well conclude, for instance, that Ibrahim stopped his vehicle to avoid the pothole and that he was negligent in failing timely to appreciate its existence so that he could avoid it altogether or bring his vehicle to a restrained and controlled stop. Thus, issues of fact as to the reasonableness of Ibrahim's operation of the taxicab bar an award of summary judgment in the taxicab defendants' favor. Concur—Sullivan, J. P., Carro, Nardelli, Williams and Tom, JJ.