■ BARBARA S. R. SASS, Appellant, v AMBU TRANS, INC., Respondent. [657 NYS2d 69] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered April 24, 1996, which, upon a jury verdict on the issue of liability finding that the defendant was not negligent, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the plaintiff is awarded judgment as a matter of law on the issue of liability, and the matter is remitted to the Supreme Court, Suffolk County, for entry of an interlocutory judgment in favor of the plaintiff and against the defendant on the issue of liability and for a trial on damages.

In this automobile accident case involving a rear-end collision, the defendant's driver did not submit adequate evidence to rebut the presumption that he was negligent. The defendant's driver breached his duty to maintain a reasonably safe distance between himself and the traffic he was following and to be aware of traffic conditions, including a stoppage in traffic caused by another driver several cars ahead of the defendant's driver (*see, Barba v Best Sec. Corp.*, 235 AD2d 381; *Bando-Twomey v Richheimer*, 229 AD2d 554; *Lectora v Gundrum*, 225 AD2d 738; *McCarthy v Miller*, 139 AD2d 500).

Furthermore, the emergency doctrine is inapplicable to this routine rear-end traffic accident (*see, McCarthy v Miller, supra*).

There being no further issue of fact, we award the plaintiff judgment as a matter of law on the issue of liability (*see, e.g., Cohen v Terranella*, 112 AD2d 264). The matter is remitted to

the Supreme Court for a trial on the issue of damages only. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.