■ PATRICIA MARSELLA, Respondent, v SOUND DISTRIBUTING CORP., Appellant. [670 NYS2d 559] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Donovan, J.), entered May 20, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on the operator of the moving vehicle to explain how the accident occurred (see, Johnston v El-Deiry, 230 AD2d 715). The operator of the moving vehicle is required to rebut the inference of negligence created by the unexplained rear-end collision (see, Pfaffenbach v White Plains

*Express Corp.,* 17 NY2d 132, 135) since he or she is in the best position to explain whether the collision was due to a mechanical failure, a sudden stop of the vehicle ahead, an unavoidable skidding on wet pavement, or some other reasonable cause (*see, Leal v Wolff,* 224 AD2d 392; *Barile v Lazzarini,* 222 AD2d 635).

In this case, the plaintiff's vehicle struck a parked truck owned by the defendant. The explanation proffered by the plaintiff, that the sun was shining into her eyes, was insufficient to raise a triable issue of fact as to the negligence of the defendant's employee in parking the truck at the location where the accident occurred. Assuming, arguendo, that the defendant's truck was illegally parked at the time of the accident, the proximate cause of the accident was the plaintiff's failure to control her vehicle and to see that which, under the facts and circumstances, she should have seen by the proper use of her senses (*see, McCarthy v Miller,* 139 AD2d 500). O'Brien, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.