■ NAUM ZHURAVENKO, Appellant, v GJERGJ GJELAJ et al., Respondents. (And a Third-Party Action.) [689 NYS2d 529] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated January 16, 1998, which denied his motion to set aside a jury verdict in favor of the defendants on the issue of liability.

Ordered that the order is reversed, on the law, and the matter is remitted for a new trial on the issue of liability, with costs to abide the event.

We agree with the plaintiff that the evidence at trial so preponderated in his favor that the jury could not have reached its verdict on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744; *Nicastro v Park,* 113 AD2d 129, 134). The plaintiff was a passenger in an automobile which was struck from the rear by the defendant-driver's car. The defendant-driver admitted that he noticed the traffic signal had turned to yellow, but failed to slow down, that he failed to pay attention to the car in front of him which had already been stopped for a few seconds before the impact, and that he applied his brakes and skidded into the rear of that car. On these

facts, the jury's finding that the defendant-driver's negligence was not a substantial factor in causing the accident was against the weight of the evidence.

In reaching its verdict, the jury could have been misled by the court's erroneous charge that the third-party defendant, the driver of the car in which the plaintiff was a passenger, had an affirmative burden of proving the defendant-driver's negligence. The error was compounded by the court's omission of any explanation as to the application of the doctrine of comparative negligence to the facts of this case. Finally, the court failed to instruct the jury to disregard evidence of damages in deciding the issue of liability in this bifurcated trial, although testimony concerning damages had been admitted into evidence without a limiting instruction.

In light of our determination we need not reach the plaintiff's remaining contentions. Bracken, J. P., Thompson, Joy and Luciano, JJ., concur.