■ CARLOS CENTENO, Respondent, v STANLEY GOLDSTEIN et al., Respondents, and DANIEL S. CHANG, Appellant. (Action No. 1.) PATRICIA CENTENO, Respondent, v STANLEY GOLDSTEIN et al., Respondents, and DANIEL S. CHANG, Appellant. (Action No. 2.) [691 NYS2d 88] —In two related actions to recover damages for personal injuries arising out of an automobile accident, Daniel S. Chang, a defendant in Action Nos. 1 and 2, appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered May 13, 1998, which denied his motion for summary judgment dismissing both complaints and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaints and all cross claims are dismissed insofar as asserted against the defendant Daniel S. Chang.

The appellant's vehicle was the first vehicle in a four-car chain-reaction collision which occurred on the Long Island Expressway in North Hempstead. The appellant presented evidence sufficient to establish that he came to a complete stop, without contact, behind an unidentified vehicle which had stopped directly in front of him. After a couple of seconds the vehicle operated by the plaintiff Carlos Centeno hit the appellant's vehicle. The evidence fails to show that the appellant acted negligently (*see, Bando-Twomey v Richkheimer,* 229 AD2d 554; *Lectora v Gundrum,* 225 AD2d 738; *Gladstone v Hachuel,* 225 AD2d 730; *Barile v Lazzarini,* 222 AD2d 635). Furthermore, the appellant's actions were not a proximate cause of the rear-end collisions between the plaintiffs' vehicle and the two vehicles behind it (*see, Chamberlin v Suffolk County Labor Dept.,* 221 AD2d 580; *Collazo v Lewis,* 210 AD2d 451; *Smith v Cafiero,* 203 AD2d 355; *Barnes v Lee,* 158 AD2d 414). Therefore, the Supreme Court should have granted the appellant's motion. Bracken, J. P., Thompson, Goldstein, McGinity and Schmidt, JJ., concur.