■ FILARETTI PAPPAS, Appellant, v ELI OPITZ, Respondent. [692 NYS2d 127] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Lonschein, J.), dated June 5, 1998, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the plaintiff is awarded judgment as a matter of law on the issue of liability, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

In this rear-end traffic accident case, the defendant failed to submit sufficient evidence to rebut the presumption that he was negligent. The defendant breached his duty to maintain a reasonably safe distance from the plaintiff's vehicle, which he was following, and failed to be aware of the potential hazards presented by traffic conditions, including the stoppage in traffic caused by an accident ahead of the plaintiff (*see, Sass v Ambu Trans,* 238 AD2d 570). Furthermore, the emergency doctrine is inapplicable to this routine traffic accident since the defendant, by his own actions, caused the emergency (*see, McCarthy v Miller,* 139 AD2d 500).

The plaintiff is entitled to judgment as a matter of law on the issue of liability (*see, e.g., Cohen v Terranella,* 112 AD2d 264), and the matter is remitted to the Supreme Court for a trial on the issue of damages. O'Brien, J. P., Goldstein, Luciano and Schmidt, JJ., concur.