■ DIANE M. CAMPANELLA et al., Respondents, v JAMES P. MOORE, JR., Respondent, and STANLEY GINZIG, Appellant. [699 NYS2d 76] —In a negligence action to recover damages for personal injuries, etc., the defendant Stanley Ginzig appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Garry, J.), dated November 13, 1998, as denied his motion for summary judgment dismissing the complaint and the cross claim insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and the cross claim are dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

On his motion for summary judgment, the defendant Stanley Ginzig established that his automobile had been fully stopped behind an automobile operated by the plaintiff Diane Campanella for about 30 seconds when it was struck in the rear by an automobile driven by the defendant James P. Moore, Jr., and propelled into the Campanella vehicle. Ginzig thereby provided a nonnegligent reason for striking the plaintiffs' automobile in the rear. As the plaintiffs failed to raise a triable issue of fact, Ginzig was entitled to summary judgment dismissing the complaint insofar as asserted against him (see, e.g., Marsella v Sound Distrib. Corp., 248 AD2d 683).

Ginzig is also entitled to summary judgment dismissing the

cross claim asserted against him by Moore. The unrebutted evidence that the Ginzig vehicle had been completely stopped for about 30 seconds before it was struck by the Moore vehicle was sufficient as a matter of law to place sole responsibility on Moore (*see, Johnson v Phillips,* 261 AD2d 269). Contrary to Moore's claim, the emergency doctrine is inapplicable to routine rear-end automobile collisions such as this (*see, Johnson v Phillips, supra*; *Pappas v Opitz,* 262 AD2d 471; *Sass v Ambu Trans,* 238 AD2d 570). In any event, the situation confronting Moore did not abrogate his obligation to maintain a reasonable distance from Ginzig's car (*see, Johnson v Phillips, supra*; *Gage v Raffensperger,* 234 AD2d 751). Mangano, P. J., Ritter, Joy, McGinity and Smith, JJ., concur.