■ IRIS MENDIOLAZA, Appellant, v DEREK NOVINSKI, Respondent. [703 NYS2d 49] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Dunne, J.), dated January 28, 1999, which, upon an order of the same court dated January 7, 1999, denying her motion to set aside the verdict pursuant to CPLR 4404 (a) and for judgment as a matter of law, is in favor of the defendant and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, the order dated January 7, 1997 is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a trial on the issue of damages.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on him or her to explain how the accident occurred (*see, Tricoli v Malik,* 268 AD2d 469 [decided herewith]; *Gambino v City of New York,* 205 AD2d 583). The operator of the moving vehicle is required to rebut

the inference of negligence created by an unexplained rear-end collision (*see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135; *Tricoli v Malik, supra*), because he or she is in the best position to explain the cause of the collision (*see, Carter v Castle Elec. Contr. Co.,* 26 AD2d 83, 85). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may properly be awarded judgment as a matter of law (*see, Starace v Inner Circle Qonexions,* 198 AD2d 493).

Under the circumstances of this case, the plaintiff established a prima facie case of negligence. Since the defendant was under a duty to maintain a safe distance between his car and the plaintiff's car (*see,* Vehicle and Traffic Law § 1129 [a]), his failure to do so, in the absence of a non-negligent explanation, constituted negligence as a matter of law. The defendant's own testimony, that he did not see the plaintiff's car until it had already stopped, cannot support his contention on appeal that the plaintiff stopped suddenly. In any event, even if the plaintiff did stop suddenly, this fact, standing alone, is insufficient to preclude judgment as a matter of law in favor of the plaintiff (*see, Leal v Wolff,* 224 AD2d 392; *Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). Thompson, J. P., S. Miller, Krausman, Florio and Schmidt, JJ., concur.