■ YOLANDA TRICOLI, Respondent, v MOHAMMAD S. MALIK, Appellant. [701 NYS2d 644] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Reinaldo E. Rivera, J.), dated December 15, 1998, which granted the plaintiff's motion pursuant to CPLR 3212 for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

It is well-settled that a rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on that operator to explain how the accident occurred (*see, Mendiolaza v Novinski,* 268 AD2d 462 [decided herewith]; *Leal v Wolff,* 224 AD2d 392; *Gambino v City of New York,* 205 AD2d 583). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision (*see, Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132, 135; *Mendiolaza v Novinski, supra; Leal v Wolff, supra*). If that operator cannot come forward with any evidence to rebut the inference of negligence, the plaintiff may be awarded judgment as a matter of law (*see, Leal v Wolff, supra*).

The plaintiff's statement in her affidavit that her car was at a complete stop when it was struck in the rear by the defendant's vehicle made out a prima facie case that the defendant had been negligent. The defendant's MV-104 form, which alleges only that the plaintiff's car stopped suddenly, is insufficient to raise a triable issue of fact (*see, Leal v Wolff, supra; Silberman v Surrey Cadillac Limousine Serv.,* 109 AD2d 833). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.