■ VITA R. CACACE, Appellant, v GEORGE DISTEFANO et al., Respondents. [713 NYS2d 758] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Floyd, J.), entered January 31, 2000, which denied her motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Suffolk County, for a trial on the issue of damages.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle, and imposes a duty on that operator to explain how the accident occurred (*see, Tricoli v Malik*, 268 AD2d 469; *Mendiolaza v Novinski*, 268 AD2d 462; *Campanella v Moore*, 266 AD2d 423). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision (*see, Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132, 135; *Leal v Wolff*, 224 AD2d 392). If that operator cannot come forward with any evidence to rebut the inference of negligence, the operator of the stopped vehicle is entitled to judgment as a matter of law (*see, Leal v Wolff, supra*; *Starace v Inner Circle Qonexions*, 198 AD2d 493).

The plaintiff's statement in her affidavit that her car was at a complete stop when it was struck in the rear by the vehicle operated by the defendant George DiStefano made out a prima facie case that the defendant driver had been negligent. The affidavit of the defendant driver, which stated that his vehicle struck the plaintiff's vehicle after an abrupt stop in heavy traffic, is insufficient to raise a triable issue of fact. (*see, Campanella v Moore,* 266 AD2d 423, *supra; Sekuler v Limnos Taxi,* 264 AD2d 389; *Centeno v Goldstein,* 261 AD2d 566; *Escobar v Rodriguez,* 243 AD2d 676; *Hurley v Cavitolo,* 239 AD2d 559). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.