■ EDWARD GUINAN et al., Appellants, v SUHAK LEE, Respondent. [719 NYS2d 117] —In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Rappaport, J.), entered November 30, 1999, which, upon an order of the same court dated October 26, 1999, denying their motion to set aside a jury verdict in favor of the defendant and against them and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is granted, the order is vacated, the verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiffs were injured when their vehicle, which had stopped for a red light, was struck in the rear by the defendant's vehicle. The defendant testified that when he applied his brakes, his vehicle skidded on the water accumulated on the pavement and struck the rear of the plaintiffs' vehicle.

It is well settled that a rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty upon him or her to explain how the accident occurred (*see, Mendiolaza v Novinski,* 268 AD2d 462; *Hurley v Cavitolo,* 239 AD2d 559). If he or she is unable to rebut the inference of negligence created by an unexplained rear-end collision with a non-negligent explanation, the plaintiffs may properly be awarded judgment as a matter of law (*see, Mendiolaza v Novinski, supra; Leal v Wolff,* 224 AD2d 392).

A defense which alleges only that the defendant saw the plaintiffs' vehicle stopped at a red light but, upon application of his brakes, his vehicle nevertheless skidded into the plaintiffs due to the wet condition of the roadway, is not a sufficient defense to rebut the presumption of negligence (*see, Schmidt v Edelman,* 263 AD2d 502; *Hurley v Cavitolo, supra; Pincus v Cohen,* 198 AD2d 405; *Crociata v Vasquez,* 168 AD2d 410). Thus, the plaintiffs are entitled to judgment on the issue of liability. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.