■ MARK GIROLAMO, Respondent, v LIBERTY LINES TRANSIT, INC., et al., Appellants. [726 NYS2d 132] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered December 7, 2000, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle, and imposes a duty on that operator to explain how the accident occurred (*see, Cacace v DiStefano,* 276 AD2d 457; *Tricoli v Malik,* 268 AD2d 469; *Mendiolaza v Novinski,* 268 AD2d 462). The operator of the moving vehicle is required to rebut the inference of negligence created by an unexplained rear-end collision (*see, Cacace v DiStefano, supra*). If that operator cannot come forward with any evidence to rebut the inference of negligence, the operator of the stopped vehicle is entitled to judgment as a matter of law (*see, Leal v Wolff,* 224 AD2d 392).

The statement by the plaintiff in his affidavit that his car was stopped when it was "slammed" in the rear by a bus owned by the defendant Liberty Lines Transit, Inc., and operated by the defendant Clyde N. Levine made out a prima facie case that Levine was negligent. It is undisputed that the plaintiff stopped his automobile in order to yield to two police vehicles which had their lights and sirens activated.

Levine's statement in his affidavit that his vehicle struck the plaintiff's vehicle when it came to a sudden stop without warning or signal is insufficient to raise a triable issue of fact (*see, Cacace v DiStefano, supra*). Bracken, P. J., Friedmann, Florio, H. Miller and Townes, JJ., concur.