OPINION OF THE COURT
Memorandum.
It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of *12 the operator of the moving vehicle, and imposes a duty of explanation on said operator (see, Tricoli v Malik, 268 AD2d 469; Maschka v Newman, 262 AD2d 615; Leal v Wolff, 224 AD2d 392). In the absence of an explanation rebutting the inference of negligence, summary judgment may properly be awarded to plaintiff as a matter of law (see, Leal v Wolff, supra).
Plaintiff has established a prima facie case by the submission of an affidavit wherein he alleged that at the time the impact occurred, his vehicle was at a complete stop for approximately 25 seconds. In opposition, defendants submitted an attorney’s affirmation together with two reports of motor vehicle accident, one signed by plaintiff, and the other by defendant Osiozko. Both reports indicated a three-car chain collision, involving defendant Osiozko’s vehicle which was struck by á third vehicle from the rear.
Defendant’s unsworn report of motor vehicle accident was improperly considered in opposition to plaintiff’s motion (see, Morissaint v Raemar Corp., 271 AD2d 586; Hegy v Coller, 262 AD2d 606; Johnson v Phillips, 261 AD2d 269; Ribowsky v Kashinsky, 234 AD2d 353). Defendants, however, could properly rely on the accident report signed by plaintiff (cf., Torres v Micheletti, 208 AD2d 519; Pagano v Kingsbury, 182 AD2d 268), which sufficiently raises issues of fact precluding summary judgment.
Patterson, J. P., Golia and Rios, JJ., concur.