■ RALPH TACCETTA, Appellant, v CHRISTOPHER J. SCOTTO et al., Respondents, et al., Defendants. [732 NYS2d 85] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Gowan, J.), entered August 3, 2000, as, upon an order of the same court dated

January 3, 2000, *inter alia,* granting the motion by the respondents, Christopher J. Scotto and Jill L. Scotto, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), dismissed the complaint insofar as asserted against them, and (2) from an order of the same court dated September 5, 2000, which denied his motion for leave to renew and reargue the respondents' motion.

Ordered that the appeal from so much of the order dated September 5, 2000, as denied the branch of the appellant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, so much of the order dated January 3, 2000, as granted the respondents' motion is vacated, that motion is denied, the complaint is reinstated insofar as asserted against the respondents, and the action against the remaining defendants is severed; and it is further,

Ordered that the appeal from so much of the order dated September 5, 2000, as denied the branch of the motion which was for leave to renew is dismissed as academic in light of our determination; and it is further,

Ordered that the plaintiff is awarded one bill of costs payable by the respondents.

On May 23, 1996, the car in which the plaintiff was a passenger, which was stopped in traffic, was struck from the rear by a vehicle owned by the respondent Jill L. Scotto and operated by the respondent Christopher J. Scotto. As a result of that collision, the car in which the plaintiff was a passenger was propelled into the rear of a truck owned by the defendant Vincent Grappone and operated by the defendant Keith Satriana, which was also stopped in traffic.

The plaintiff brought this action against the Scottos and Grappone and Satriana to recover damages for personal injuries which he allegedly sustained in the collision. Following discovery, Grappone and Satriana moved for summary judgment dismissing the complaint insofar as asserted against them, essentially on the ground that they were not negligent as a matter of law. The Scottos also moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). By order dated January 3, 2000, the court granted the defendants' respective motions for summary judgment, and dismissed the

complaint in its entirety. The court found both that Grappone and Satriana were not negligent as a matter of law, and that the plaintiff did not sustain a serious injury. On August 3, 2000, a judgment was entered on that order. The plaintiff appeals from so much of the judgment as dismissed the complaint insofar as asserted against the Scottos, based upon the granting of their motion on the ground that he did not sustain a serious injury, and the subsequent order denying his motion for leave to renew and reargue. We reverse the judgment insofar as appealed from, and deny the Scottos' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury.

On their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury, the Scottos did not submit sufficient evidence in admissible form to establish a prima facie case (*see, Mariaca-Olmos v Mizrhy,* 226 AD2d 437, 438; *cf., Gaddy v Eyler,* 79 NY2d 955). Although a defendant may rely upon a plaintiff's unsworn medical records to establish lack of serious injury (*see, Pagano v Kingsbury,* 182 AD2d 268), those portions of the plaintiff's medical records and the unsworn report prepared by the plaintiff's treating physician upon which the Scottos relied in support of their motion failed to establish, as a matter of law, that the plaintiff did not sustain a serious injury in the subject collision. Since the Scottos failed to make out a prima facie case that they were entitled to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see, Mariaca-Olmos v Mizrhy, supra*). Ritter, J. P., Goldstein, Friedmann, Feuerstein and Crane, JJ., concur.