■ Tyrone Mangum, Respondent, v Marilyn Trabulsi, Appellant. [742 NYS2d 376] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Mason, J.), dated August 14, 2001, which denied her motion for summary judgment

dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) an order of the same court, also dated August 14, 2001, which granted the plaintiff's cross motion for summary judgment on the issue of liability.

Ordered that the orders are affirmed, with costs.

The defendant failed to meet her prima facie burden of establishing that the plaintiff did not sustain a serious injury as defined by Insurance Law § 5102 (d) as a result of the accident (*see Scott v Albord,* 292 AD2d 367; *Taccetta v Scotto,* 287 AD2d 707; *cf. Gaddy v Eyler,* 79 NY2d 955). The evidence submitted by the defendant included an affirmed report of a physician who examined the plaintiff about eight months after the accident. The physician observed, inter alia, limitations in the range of motion of the plaintiff's lumbar spine, and he suggested that the plaintiff's lumbar spine symptoms indicated an exacerbation of his presurgical condition. Several months prior to the accident, the plaintiff had injured his lumbosacral spine and had undergone a laminectomy. The physician further concluded that the plaintiff's complaints relating to his lumbar spine were causally related to the subject accident. Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment, and we need not consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Taccetta v Scotto, supra; Mariaca-Olmos v Mizrhy,* 226 AD2d 437).

Furthermore, the Supreme Court properly granted the plaintiff's cross motion for summary judgment on the issue of liability. A rear-end collision with a stopped automobile establishes a prima facie case of negligence on the part of the operator of the moving vehicle and imposes a duty on that operator to explain how the accident occurred (*see Girolamo v Liberty Lines Tr.,* 284 AD2d 371; *Cacace v DiStefano,* 276 AD2d 457). Since the defendant failed to come forward with any evidence to rebut the inference of negligence, the plaintiff was entitled to summary judgment on the issue of liability as a matter of law (*see Girolamo v Liberty Lines Tr., supra*). Prudenti, P.J., S. Miller, O'Brien, McGinity and Crane, JJ., concur.