◼ Adasa Irmiyayeva et al., Respondents, v Joseph C. Thompson et al., Respondents, and Avshalum Rabayev et al., Appellants. [745 NYS2d 199] —In an action to recover damages for personal injuries, the defendants Avshalum Rabayev and Galia Shamailova appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated July 3, 2001, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants; and it is further,

Ordered that upon searching the record, so much of the order as denied that branch of the plaintiffs' cross motion which was for summary judgment against the defendants Joseph Thompson and Anna Thompson on the issue of liability is vacated, and that branch of the plaintiffs' cross motion is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

This action involves a rear-end collision in which the plaintiffs were passengers in a vehicle owned by the appellant Galia Shamailova and driven by the appellant Avshalum

Rabayev. The vehicle was struck from the rear by a vehicle driven by the defendant Joseph Thompson and owned by the defendant Anna Thompson.

Contrary to the Supreme Court's determination, upon the appellants' prima facie showing that this was a rear-end collision caused when the Thompsons' vehicle struck their stopped vehicle from the rear, the burden shifted to the Thompsons to provide a nonnegligent explanation as to how the accident occurred (*see Girolamo v Liberty Lines Tr.*, 284 AD2d 371; *Cacace v DiStefano*, 276 AD2d 457; *Mascitti v Greene*, 250 AD2d 821, 822). The Thompsons' excuse that the appellants' vehicle changed lanes and suddenly stopped was insufficient to rebut the presumption of their negligence in causing the accident and to raise a triable issue of fact (*see Johnson v Phillips*, 261 AD2d 269, 271; *Cohen v Terranella*, 112 AD2d 264; *Mascitti v Greene, supra; Leal v Wolff*, 224 AD2d 392). Accordingly, the Supreme Court erred in denying the appellants' motion.

Furthermore, although the plaintiffs did not appeal from the denial of their cross motion for summary judgment on the issue of the Thompsons' liability, this Court has the inherent power to search the record and grant summary judgment where appropriate (*see* CPLR 3212 [b]). Therefore, upon searching the record, the plaintiffs' cross motion is granted. Altman, J.P., Feuerstein, Friedmann, Schmidt and Townes, JJ., concur.