◼ STEVEN SANTANASTASIO, Respondent, v JOHN DOE, Defendant, and T.I. TRANSPORT, INC., Appellant. [753 NYS2d 122] —In an action to recover damages for personal injuries, the defendant T.I. Transport, Inc., appeals from an order of the Supreme Court, Queens County (Dye, J.), dated December 21, 2001, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, without prejudice to renew.

Ordered that the order is affirmed, with costs.

The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact from the case, and such showing must be made by producing evidentiary proof in admissible form (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Here, the appellant failed to make such showing as the police accident report submitted in support of its motion was insufficient to establish the cause of the accident in question, and raised a triable issue of fact with respect thereto (*see Matter of Bisignano v Interboro Mut. Indem. Ins. Co.,* 235 AD2d 419; *Aetna Cas. & Sur. Co. v Island Transp. Corp.,* 233 AD2d 157). Florio, J.P., O'Brien and Adams, JJ., concur.

Crane, J., dissents and votes to reverse the order and grant the appellant's motion, with the following memorandum in which Friedmann, J., concurs: A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a

duty on that operator to provide a nonnegligent explanation as to how the accident occurred (*see Dwyer v Cohen,* 262 AD2d 600, 601; *Leal v Wolff,* 224 AD2d 392, 393). If the operator of the moving vehicle cannot come forward with any evidence to rebut the inference of negligence, the court may properly award summary judgment as a matter of law (*see Leal v Wolff, supra;* *Barile v Lazzarini,* 222 AD2d 635, 636).

Here, the defendant established a prima facie case of negligence through the sworn deposition testimony of one of the police officers who responded to the accident scene and who prepared the police accident report, that the defendant's truck was legally parked on the service road to the parkway, and through the undisputed fact that the plaintiff's vehicle hit the left rear of the parked truck (*see Barile v Lazzarini, supra* at 636 [requisite prima facie case of negligence established by showing that defendant's vehicle struck appellant's vehicle in rear]). The plaintiff in opposition asserted that he drove his vehicle at 20 to 30 miles per hour notwithstanding the fact that the traffic was "heavy," and he was rounding a curve in the roadway around which he obviously could not see. This evidence not only fails to rebut the presumption of negligence, rather, it reinforces the conclusion that the plaintiff's actions, in failing to travel at an appropriate speed around a blind curve so that he could maintain adequate control of his vehicle, was the sole proximate cause of the accident.

Particularly compelling is the case of *Marsella v Sound Distrib. Corp.* (248 AD2d 683). In *Marsella,* the plaintiff's vehicle struck the rear of a parked truck owned by the defendant. The plaintiff alleged that the sun was in her eyes and she did not see the truck. This Court held that this "was insufficient to raise a triable issue of fact as to the negligence of the defendant's employee in parking the truck at the location where the accident occurred. Assuming, arguendo, that the defendant's truck was illegally parked at the time of the accident, the proximate cause of the accident was the plaintiff's failure to control her vehicle and to see that which, under the facts and circumstances, she should have seen by proper use of her senses" (*Marsella v Sound Distrib. Corp., supra* at 684). The case at bar is even stronger in that the defendant's truck was legally parked at the time of the accident.

Accordingly, I would grant the defendant's motion and dismiss the complaint.