■ JACQUELINE M. KENTISH, Appellant, v LISA A. GEANACO-POULOS, Also Known as LISA A. BASILE, et al., Respondents. [782 NYS2d 100]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated March 24, 2003, which, upon a jury verdict in favor of the defendants and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants and against her, in effect, dismissing the complaint.

Ordered that on the Court's own motion, the notice of appeal dated April 2, 2003, is deemed to be a notice of appeal from the judgment (*see* CPLR 5512 [a]); and it is further,

Ordered that the judgment is reversed, on the law and the facts, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for a new trial, with costs to abide the event.

The plaintiff was operating a vehicle which was struck from behind by a vehicle operated by the defendant Lisa A. Geanacopoulos, also known as Lisa A. Basile (hereinafter the Basile vehicle). Seconds later, the defendant Herbert Henderson's vehicle struck the rear of the Basile vehicle. According to the plaintiff, she felt both impacts. At trial, both defendants testified that, before the accident, the traffic conditions were "stop and go." The jury found that the defendants were not negligent. The plaintiff moved pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence and for a new trial. The Supreme Court denied the motion. We reverse.

Under the circumstances of this case, the verdict in favor of the defendants could not have been reached on any fair interpretation of the evidence, and was against the weight of the evidence (see Nicastro v Park, 113 AD2d 129, 134 [1985]). Consequently, the verdict should have been set aside (see Zhuravenko v Gjelaj, 261 AD2d 399 [1999]; Gambino v City of New York, 205 AD2d 583 [1994]; McCarthy v Miller, 139 AD2d 500 [1988]) and a new trial should have been granted.

In light of the foregoing, we do not reach the plaintiff's remaining contention, which was raised for the first time in her reply brief. Florio, J.P., Krausman, Cozier and Rivera, JJ., concur.