■ SAKINA WILLIS et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [789 NYS2d 223]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated April 9, 2003, as denied that branch of their motion which was, in effect, for summary judgment dismissing the complaint on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Edward Singleton and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the complaint is dismissed insofar as asserted by that plaintiff.

The defendants relied upon the medical records of the plaintiffs Sakina Willis and Emma Washington and medical reports of their physicians in support of those branches of their

motion which were, in effect, for summary judgment dismissing the complaint insofar as asserted by those plaintiffs. Those records failed to establish, as a matter of law, that neither Willis nor Washington sustained a serious injury within the meaning of Insurance Law § 5102 (d). Accordingly, we need not consider the sufficiency of the plaintiffs' opposition to those branches of the motion (*see Mangum v Trabulsi,* 294 AD2d 472, 473 [2002]). Thus, the Supreme Court properly denied those branches of the defendants' motion (*see Taccetta v Scotto,* 287 AD2d 707, 709 [2001]).

The affirmed medical report submitted by the defendants in support of that branch of their motion which was, in effect, for summary judgment dismissing the complaint insofar as asserted by the plaintiff Edward Singleton established the defendants' prima facie entitlement to summary judgment on that branch of their motion (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]; *Grant v Heli Trucker,* 294 AD2d 538, 539 [2002]). The defendants' examining physician examined Singleton approximately 1½ years after the accident. He reported his findings with respect to the various ranges of motion of Singleton's cervical and lumbar spines and shoulders, and found no tenderness or muscle spasm. Additionally, the neurological examination was normal, and other tests performed showed no abnormalities. The examining physician opined that Singleton had no disability. In opposition, the medical evidence submitted by the plaintiffs failed to raise a triable issue of fact (*see Carroll v Jennings,* 264 AD2d 494, 495 [1999]; *Kauderer v Penta,* 261 AD2d 365, 366 [1999]). H. Miller, J.P., Schmidt, Ritter, Crane and Skelos, JJ., concur.