■ PATRICIA JACOBELLIS, Appellant, v NEW YORK STATE THRUWAY AUTHORITY, Respondent. [858 NYS2d 786]—

In a claim to recover damages for negligence, the claimant appeals from (1) a decision of the Court of Claims (Mignano, J.), dated July 20, 2007, and (2) a judgment of the same court dated August 21, 2007, which, after a nonjury trial on the issue of liability, and upon the decision, dismissed the claim.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is reversed, on the law, and the matter is remitted to the Court of Claims for a new trial, with costs to abide the event.

The claimant's decedent was injured when the driver of the defendant's truck (hereinafter the driver), who was employed by the defendant, was forced to brake suddenly to avoid colliding with a BMW vehicle. The BMW, after merging into the driver's lane of travel from an entrance ramp, had also braked suddenly to avoid striking an animal that had run into the right lane of the northbound New York State Thruway (hereinafter the Thruway). The driver attempted to avoid a rear-end collision with the BMW by applying his brakes. Upon doing so, the driver lost control of his truck, and veered into the path of the vehicle of the claimant's decedent, causing that vehicle to strike the driver's truck. According to the driver, the BMW traveled upon the Thruway, after leaving the entrance ramp, for "30 seconds, maybe a minute" before its brakes were applied. The Court of Claims dismissed the claim after a trial on the issue of liability, finding that the circumstances fell within the scope of the "emergency doctrine." We disagree, reverse the judgment, and remit the matter for a new trial.

The emergency doctrine recognizes that "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or

causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 327 [1991]; *see Caristo v Sanzone*, 96 NY2d 172, 174 [2001]). The emergency doctrine applies only to circumstances where an actor is confronted by a sudden and unforeseen occurrence not of the actor's own making (*see Muye v Liben*, 282 AD2d 661 [2001]). The doctrine is an affirmative defense, applicable to instantaneous occurrences such as an offending vehicle's sudden crossover into the actor's oncoming lane of travel (*e.g., Gonzalez v City of New York*, 295 AD2d 122 [2002]). It is typically not available to defendants in rear-end collisions (*see Campanella v Moore*, 266 AD2d 423, 424 [1999]) particularly where, as here, the driver was obligated to maintain a safe rate of speed and a reasonable distance between the vehicles (*see* Vehicle and Traffic Law § 1129; *Pappas v Opitz*, 262 AD2d 471 [1999]; *Sass v Ambu Trans.*, 238 AD2d 570 [1997]; *Gage v Raffensperger*, 234 AD2d 751, 752 [1996]).

The trial transcript is devoid of any evidence of the distance that the driver created between his truck and the BMW, during the 30 to 60 seconds that he says elapsed from the time the BMW merged onto the Thruway to the time the BMW braked to avoid the animal. The defendant therefore failed to meet its burden of proof regarding the emergency defense. As a result, there is no valid line of reasoning and permissible inferences which could have led the trial court to the conclusion that the defendant was not liable based on the emergency doctrine (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *compare McCarthy v Miller*, 139 AD2d 500, 500-501[1988], *with Barath v Marron*, 255 AD2d 280, 281 [1998] [speeds and distances placed into evidence for proper application of the emergency doctrine]).

The defendant's remaining contentions are without merit. Florio, J.P., Miller, Dillon and McCarthy, JJ., concur.