◼ MICHAEL CORTES, Respondent, v GEORGE P. WHELAN, Appellant. [922 NYS2d 419]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Mayer, J.), dated September 17, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when the defendant's motor vehicle collided with the rear of the plaintiff's stopped motor vehicle. After joinder of issue, but before any discovery was conducted, the plaintiff moved for summary judgment on the issue of liability.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see *Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Hakakian v McCabe*, 38 AD3d 493 [2007]; *Girolamo v Liberty Lines Tr.*, 284 AD2d 371 [2001]). If the operator of the moving vehicle cannot come forward with evidence to rebut the inference of negligence, the operator of the stopped vehicle is entitled to summary judgment on the issue of liability (see *Staton v Ilic*, 69 AD3d 606 [2010]; *Kimyagarov v Nixon Taxi Corp.*, 45 AD3d 736 [2007]; *Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973 [2006]).

The plaintiff established his prima facie entitlement to judgment as a matter of law by submitting his affidavit, in which he alleged that he was stopped behind another stopped vehicle at the intersection of Pine Aire Drive and Thompson Avenue in

Bay Shore "when suddenly, and without warning, [his] vehicle was struck from behind . . . by" the defendant's vehicle (*see Hauser v Adamov*, 74 AD3d 1024 [2010]).

In opposition, the defendant failed to rebut the inference of negligence by providing a nonnegligent explanation for the collision. The defendant's allegation that he did not recall seeing brake lights or any other illumination on the plaintiff's vehicle before the collision did not adequately rebut the inference of negligence (*see Macauley v ELRAC, Inc.*, 6 AD3d 584, 585 [2004]; *Gross v Marc*, 2 AD3d 681 [2003]; *Waters v City of New York*, 278 AD2d 408, 409 [2000]; *Barile v Lazzarini*, 222 AD2d 635 [1995]). Similarly, the defendant's statement that, upon turning left off the exit ramp he "almost immediately came into contact with the rear of the vehicle . . . operated by the plaintiff," does not rebut the inference of negligence. Indeed, the statement indicates that the defendant failed to control his vehicle and to see that which, under the circumstances, he should have seen by the proper use of his senses (*see generally Canfield v Beach*, 305 AD2d 440 [2003]; *Santanastasio v Doe*, 301 AD2d 511 [2003]; *Bournazos v Malfitano*, 275 AD2d 437 [2000]; *Demenagas v Yan Hok Lai*, 275 AD2d 759 [2000]; *Marsella v Sound Distrib. Corp.*, 248 AD2d 683, 684 [1998]).

The defendant's contention that the plaintiff's motion was premature is without merit. A party who contends that a summary judgment motion is premature is required to demonstrate that discovery might lead to relevant evidence (*see Trombetta v Cathone*, 59 AD3d 526 [2009]). The defendant's contention that only the plaintiff has knowledge of what occurred between the plaintiff's vehicle and the leading vehicle, which was owned and operated by one or more nonparties, fails to establish what information the defendant hopes to discover that would relieve him of liability. "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]).

The defendant's remaining contentions are without merit. Covello, J.P., Hall, Lott and Cohen, JJ., concur.