■ ELIZABETH LOWHAR-LEWIS, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY et al., Appellants, et al., Defendant. [948 NYS2d 667]—

The plaintiff commenced this action after she allegedly was injured when the bus on which she was a passenger stopped suddenly, causing her to fall. The bus driver testified at his deposition that he was in heavy traffic "at least a car length" behind a passenger car, when the car stopped suddenly in an intersection, although the light was green. The bus driver, who testified that the bus had been traveling at "probably less than 15" miles per hour, applied the brake and stopped the bus immediately. He was able to avoid colliding with the car, which then made a left turn without having signaled. The defendants Metropolitan Transportation Authority and MTA Bus Company (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motion, finding the existence of triable issues of fact.

To establish prima facie that a common carrier was negligent in the stop of a bus, a plaintiff must prove that the stop was " 'unusual and violent,' " rather than merely of the sort of "jerks and jolts commonly experienced in city bus travel" (*Urquhart v New York City Tr. Auth.*, 85 NY2d 828, 830 [1995], quoting *Trudell v New York R.T. Corp.*, 281 NY 82, 85 [1939]; *see Black v County of Dutchess*, 87 AD3d 1097, 1098 [2011]). Moreover, a plaintiff may not satisfy that burden of proof merely

by characterizing the stop as unusual and violent (*see Urquhart v New York City Tr. Auth.*, 85 NY2d at 829-830; *Burke v MTA Bus Co.*, 95 AD3d 813 [2012]; *Gioulis v MTA Bus Co.*, 94 AD3d 811, 812 [2012]). In seeking summary judgment dismissing the complaint, however, common carriers have the burden of establishing prima facie that the stop was *not* unusual and violent (*see Burke v MTA Bus Co.*, 95 AD3d 813 [2012]; *Guadalupe v New York City Tr. Auth.*, 91 AD3d 716, 717 [2012]; *Black v County of Dutchess*, 87 AD3d at 1098-1099). Here, in support of their motion, the defendants submitted, among other things, the bus driver's deposition testimony. According to the bus driver, the bus may have been traveling as fast as 15 miles per hour and as little as one car length behind the car before the car stopped suddenly. He further testified that the bus stopped immediately when he applied the brake. That testimony itself demonstrated the existence of a triable issue of fact as to whether the stop of the bus was unusual and violent (*see Urquhart v New York City Tr. Auth.*, 85 NY2d at 830; *Black v County of Dutchess*, 87 AD3d at 1098-1099).

The defendants assert that they are nonetheless entitled to summary judgment under the "emergency doctrine" (*Rivera v New York City Tr. Auth.*, 77 NY2d 322, 326 [1991]). By this doctrine, our law recognizes "that those faced with a sudden and unexpected circumstance, not of their own making, that leaves them with little or no time for reflection or reasonably causes them to be so disturbed that they are compelled to make a quick decision without weighing alternative courses of conduct, may not be negligent if their actions are reasonable and prudent in the context of the emergency" (*Bello v Transit Auth. of N.Y. City*, 12 AD3d 58, 60 [2004]; *see Parastatidis v Holbrook Rental Ctr., Inc.*, 95 AD3d 975, 976 [2012]). In general, however, the emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead (*see* Vehicle and Traffic Law § 1129 [a]; *Jacobellis v New York State Thruway Auth.*, 51 AD3d 976, 976-977 [2008]; *Reed v New York City Tr. Auth.*, 299 AD2d 330, 332 [2002]; *Pappas v Opitz*, 262 AD2d 471 [1999]). A trailing driver's conduct in failing to leave reasonable distance creates the possibility that a sudden stop will be necessary (*see Pappas v Opitz*, 262 AD2d at 471; *Sass v Ambu Trans.*, 238 AD2d 570 [1997]; *Gage v Raffensperger*, 234 AD2d 751, 751-752 [1996]). Here, the defendants' own submissions regarding the incident demonstrated that the bus driver was not reacting to an emergency, but, rather, to a common traffic occurrence (*see Campanella v Moore*, 266 AD2d 423, 424 [1999]; *Kowchefski v Urbanowicz*, 102 AD2d

863 [1984]). Thus, the emergency doctrine was inapplicable. In light of the defendants' failure to meet their initial burden, denial of their motion was required without regard to the sufficiency of the papers submitted in opposition (*see Via v Automated Waste Servs., Inc.*, 96 AD3d 733 [2d Dept 2012]; *Brown v City of New York*, 95 AD3d 1051, 1052 [2012]). Skelos, J.P., Balkin, Lott and Miller, JJ., concur.