Reyes v Doronin (2022 NY Slip Op 04987)

Reyes v Doronin

2022 NY Slip Op 04987

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2021-04693
 (Index No. 712933/19)

[*1]Kai Reyes, plaintiff, 
v
Iurii Doronin, et al., respondents, Bahadur Barday, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Bahadur Barday appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 11, 2021. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the defendant Bahadur Barday's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him is granted.
This appeal arises from a three-vehicle chain collision that occurred on the Long Island Expressway in Queens County. The lead vehicle was operated by the defendant Bahadur Barday. The middle vehicle was operated by the plaintiff, Kai I. Reyes. The rearmost vehicle was operated by the defendant Iurii Doronin and owned by the defendant A. Duie Pyle, Inc.
The plaintiff commenced this personal injury action, and Barday subsequently moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, contending that he was not at fault in the happening of the accident. Doronin and A. Duie Pyle, Inc. (hereinafter together the Doronin defendants), opposed the motion, contending, inter alia, that the motion was premature since Barday had not yet been deposed. The plaintiff did not oppose the motion. The Supreme Court denied the motion, and Barday appeals.
A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the accident (see Boulos v Lerner-Harrington, 124 AD3d 709). Here, in support of his motion, Barday submitted, inter alia, his own affidavit and a transcript of the deposition testimony of Julian Holton, a passenger in the middle vehicle. This evidence established Barday's prima facie entitlement to judgment as a matter of law by demonstrating that Barday's vehicle was either stopped or coming to a stop due to the traffic in front of it coming to a stop, when it was struck from the rear by the middle vehicle (see Edgerton v City of New York, 160 AD3d 809, 810; Hauswirth v Transcare N.Y., Inc., 97 AD3d 792, 793; Centeno v Goldstein, 261 AD2d 566).
In opposition, the Doronin defendants failed to raise a triable issue of fact. Moreover, [*2]the Doronin defendants did not demonstrate that Barday's motion was premature. Even though Barday had not been deposed, the plaintiff and Iurii Doronin had already been deposed. The Doronin defendants, however, did not submit those deposition transcripts, provided no explanation as to why they were not being submitted in opposition to the motion, and failed to demonstrate that further discovery was necessary in this case (see Shah v MTA Bus Co., 201 AD3d 833, 833-834; Sapienza v Harrison, 191 AD3d 1028, 1030-1031; Rodriguez v Gutierrez, 138 AD3d 964, 968).
Accordingly, the Supreme Court should have granted Barday's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.
DUFFY, J.P., IANNACCI, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court