■ PATRICIA D. PETIT et al., Appellants, v VDM VAN & STORAGE COMPANY, INC., Respondent. (And a Third-Party Action.)—Levine, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered May 22, 1990 in Dutchess County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action to recover for injuries allegedly sustained by plaintiff Patricia D. Petit (hereinafter plaintiff) when a space-saver filing cabinet measuring five feet in height and weighing in excess of 500 pounds fell on her while she was working in the office of third-party defendant, R.G. Hill Agency, Inc. (hereinafter the Hill Agency), where she was employed as a bookkeeper. The complaint alleged that the cabinet fell due to the negligence of defendant, who had apparently been hired by the Hill Agency to move various office equipment on the day before the accident. Following discovery, defendant moved for summary judgment dismissing the complaint on the grounds that it had not moved the subject cabinet and that plaintiff's injuries did not result from any negligence on its part. Supreme Court granted the motion and, upon reargument, adhered to its original decision. This appeal followed.

In our view, Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint. The president of the Hill Agency testified at an examination before trial (hereinafter EBT) that defendant was hired to move heavy cabinets containing bookkeeping records from plaintiff's

office to a temporary work station in another part of the building. Defendant's vice-president, who participated in the move, testified that he moved "four to five standard size regular four-drawer file cabinets", but denied moving the space-saver cabinet that fell on plaintiff. The president of defendant, who was also involved with the move, testified at his EBT that he did not recall moving that particular cabinet. Plaintiff, however, averred in her opposing affidavit that she saw two men, one of whom she later identified as the president of defendant, strap the subject cabinet onto a hand truck and that a few minutes later, she observed that the cabinet had been moved to the location where it was situated before it fell. Plaintiff also testified at her EBT that, to her knowledge, the cabinet was not moved again subsequent to being moved by defendant and that on the day after the cabinet was moved, she used it a number of times in the normal course of retrieving or adding files without incident before the accident.

We find that the foregoing proof, viewed in the light most favorable to plaintiff (see, *Russell v Hepburn Hosp.,* 154 AD2d 796, 797), was sufficient to create questions of fact as to whether defendant in fact moved the cabinet and whether the alleged acts and/or omissions of defendant in situating and securing the cabinet were the cause of plaintiff's injuries. While the evidence submitted on the motion was clearly circumstantial in nature, it nonetheless provided " 'facts and conditions from which the negligence of * * * defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Highway Hosp. Center,* 67 NY2d 743, 744, quoting *Ingersoll v Liberty Bank,* 278 NY 1, 7). It would not be unreasonable for a trier of fact to infer that a cabinet of the size and weight of the one involved here would not have fallen had it been properly placed and secured. Because defendant failed to eliminate all material issues of fact from the case, it was not entitled to judgment as a matter of law (see, *Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). Accordingly, Supreme Court's grant of summary judgment in defendant's favor should be reversed.

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.