RICHARD SHEELER, JR., Respondent, v BLADE CONTRACT-ING, INC., et al., Appellants. [692 NYS2d 669] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Jacobson, J.), dated August 28, 1998, which, in effect, granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict finding the plaintiff 60% at fault and the defendant Powel Kaleta 40% at fault in the happening of the accident, and directed the entry of judgment as a matter of law on the issue of liability in favor of the plaintiff and against the defendants.

Ordered that the order is affirmed, with costs.

The plaintiff, Richard Sheeler, Jr., drove up the ramp of the westbound Atlantic Avenue entrance to the Brooklyn-Queens Expressway, and stopped at the stop sign at the end of the ramp, awaiting entrance to the expressway. At that entrance, the expressway does not have a merge lane. According to the uncontroverted evidence, the traffic on the expressway was very heavy that day. The defendant Powel Kaleta testified that as he drove his truck onto the ramp behind the plaintiff's vehicle, the plaintiff's car was stationary, but then the plaintiff's car started to move forward slowly. When the plaintiff's car moved beyond the stop sign Kaleta also drove forward, looking over his left shoulder at the traffic on the highway. The plaintiff stopped again, and Kaleta's truck struck the back of the plaintiff's car. The plaintiff, on the other hand, testified that he stopped at the stop sign, and did not move again until the impact from Kaleta's truck caused his car to move forward.

The jury determined that the plaintiff had been 60% at fault in the happening of the accident, while Kaleta had been only 40% at fault. The Supreme Court, in effect, granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and directed the entry of judgment as a matter of law on the issue of liability in favor of the plaintiff and against the defendants.

In general, "a rear-end collision with a stationary vehicle creates a prima facie case of liability in favor of the operator of the stationary vehicle unless the operator of the moving vehicle can come forward with an adequate, non-negligent explanation for the accident" (*Mundo v City of Yonkers,* 249 AD2d 522, 523; *Parise v Meltzer,* 204 AD2d 295). In this case, even if the jury disregarded the plaintiff's version of the accident and fully credited Kaleta's version, it was undisputed that the plaintiff was stopped at the time of impact. Therefore, Kaleta bore the burden of proving that the collision was not due to his

negligence. Since he testified that he was not looking ahead at the plaintiff's car, but rather, over his shoulder at the heavy traffic on the highway when the plaintiff stopped, Kaleta's additional testimony that the plaintiff came to a quick stop is incredible. Moreover, Kaleta repeatedly admitted that the plaintiff was stationary for 5 to 7 seconds prior to the impact.

"To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be 'no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial' " (*Nicastro v Park,* 113 AD2d 129, 132, quoting *Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). In light of the defendant's failure to provide a non-negligent explanation for the accident, and given the evidence at trial, there was no valid line of reasoning or permissible inference which could have lead the jury to conclude that the plaintiff was at fault in the happening of the accident. Under the circumstances, the Supreme Court did not err in setting aside the verdict and directing the entry of judgment on the issue of liability in favor of the plaintiff. Mangano, P. J., Sullivan, Goldstein and McGinity, JJ., concur.