■ ROBERT J. RENO et al., Respondents, v AMR SERVICE CORPORATION, Appellant, et al., Defendant. [711 NYS2d 744] —In an action to recover damages for personal injuries, etc., the defendant AMR Service Corporation appeals from an order of the Supreme Court, Queens County (Golar, J.), dated June 18, 1999, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in its favor and directed that judgment be entered in favor of the plaintiffs and against it as a matter of law on the issue of whether it was negligent, and directed a trial, inter alia, on the issue of whether the appellant's negligence was a substantial factor in causing the injuries allegedly sustained by the plaintiff Robert J. Reno.

Ordered that the order is reversed, on the law and the facts, with costs, the motion is denied, and the verdict is reinstated.

The jury verdict in favor of the appellant was supported by legally sufficient evidence and therefore the trial court erred in

directing that judgment be entered in favor of the plaintiffs and against it as a matter of law (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Further, the verdict was not against the weight of the evidence as it was based on a fair interpretation of the evidence. The driver of the appellant's vehicle, in which the injured plaintiff was a passenger, presented an adequate nonnegligent explanation for the rear-end collision with another vehicle (*see, Torrillo v Command Bus Co.,* 206 AD2d 520). While there was conflicting trial testimony regarding the manner in which the accident occurred, the jury's fact-finding determination is entitled to great deference and should not be disturbed (*see, Torrillo v Command Bus Co., supra*).

In light of our determination, it is unnecessary to address the appellant's remaining contention. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.