■ FREDDY NICOLI et al., Appellants, v JOSEPH S. WHELAN, Respondent. [725 NYS2d 365] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Dabiri, J.), entered March 27, 2000, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the verdict is vacated, the complaint is reinstated, the plaintiffs are awarded judgment as a matter of law on the issue of liability, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

At about 7:00 P.M. on October 26, 1996, the plaintiff Freddy Nicoli was driving north in the middle lane of Flatbush Avenue in Brooklyn when his vehicle was hit in the rear by another vehicle. Although Nicoli did not see any vehicles behind him when he checked his rearview mirror before the collision, as soon as he stopped he saw the defendant's overturned vehicle about 100 feet behind him. The airbag in the defendant's vehicle had deployed, and the defendant was pinned underneath. According to Nicoli, no other vehicles were in view at the time of the accident. As a result of the collision, Nicoli's vehicle sustained damage to its rear fender and bumper. In contrast, the front of the defendant's vehicle was "smashed in," and the driver's side front fender, hood, and bumper were damaged. At trial, the defendant testified that shortly before the accident occurred, he left the golf course where he was employed after having worked for over 13 hours. The defendant had no memory of being in a collision, and could not state whether he had fallen asleep at the wheel. The defendant further testified that he did not have a medical condition which could have caused him to lose consciousness. At the conclusion of the trial, the jury returned a verdict in favor of the defendant, and the trial court denied the plaintiffs' motion to set aside the verdict as a matter of law. We reverse.

In order to set aside a jury verdict upon the ground that it is not supported by legally sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury" (*Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Nicas-*

*tro v Park,* 113 AD2d 129). Applying this standard here, there was no valid line of reasoning or permissible inference which could have led the jury to conclude that the defendant was not at fault in the happening of the accident. Nicoli's uncontradicted testimony that his vehicle was struck in the rear is corroborated by the fact that his vehicle sustained damage to its rear fender and bumper. Moreover, immediately after the accident the defendant's vehicle was found lying overturned a short distance behind Nicoli's vehicle. The front of the defendant's vehicle was heavily damaged, and no other vehicles were in the immediate vicinity when the collision occurred. Under these circumstances, no valid line of reasoning and permissible inferences could have lead to a conclusion other than that the defendant's vehicle struck Nicoli's vehicle in the rear. Furthermore, since the defendant failed to offer an explanation for the accident to rebut the presumption of negligence which arises from a rear end collision, the plaintiffs are entitled to judgment as a matter of law on the issue of liability (*see, Guinan v Lee,* 279 AD2d 507; *Pappas v Opitz,* 262 AD2d 471; *Sheeler v Blade Contr.,* 262 AD2d 632). Altman, J. P., Krausman, Luciano and H. Miller, JJ., concur.