■ FERNANDO ROBINSON, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [751 NYS2d 533] —In a consolidated action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Kramer, J.), entered July 26, 2001, which, upon a jury verdict in favor of the defendants City of New York and Julio Marnaya, sued herein as Julio Minaya and against him on the issue of liability, and upon an order of the same court, entered April 19, 2001, denying his motion pursuant to CPLR 4404 (a), is in favor of those defendants and against him.

Ordered that the plaintiff's notice of appeal from the order entered April 19, 2001, is deemed to be a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

The plaintiff was a passenger on a bus owned by the defendant City of New York and operated by the defendant Julio Marnaya, sued herein as Julio Minaya, which struck a vehicle owned by the defendant Fernando A. Mota and operated by the defendant Soto Rony Brown. Before trial, the plaintiff settled with Mota and Brown.

We find unpersuasive the plaintiff's contention that the evidence was legally insufficient to support the verdict in favor of the respondents or that the verdict was against the weight of the evidence.

To set aside a verdict on the ground that it is not supported by legally sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Nicoli v Whelan*, 283 AD2d 623). Here, the evidence was sufficient as a matter of law. A valid line of reasoning could have led the jury to conclude that the sole proximate cause of the accident was Brown's act of cutting in front of the bus and stopping suddenly (*see Reno v AMR Serv. Corp.*, 273 AD2d 454; *Green v Meyer*, 114 AD2d 352; *cf. Nicoli v Whelan, supra*; *Sheeler v Blade Contr.*, 262 AD2d 632).

Moreover, a jury verdict should not be set aside as contrary to the weight of the evidence "unless the jury could not have reached the verdict on any fair interpretation of the evidence"

(*Nicastro v Park,* 113 AD2d 129, 134 [internal quotation marks omitted]). "[T]he determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile,* 224 AD2d 586, 587).

In this case, an adequate non-negligent explanation for the collision with the car was presented (*see Reno v AMR Serv. Corp., supra*). Since the record was not "replete with evidence of negligence" (*Nicastro v Park, supra* at 137), and the jury could have reached its verdict based upon a fair interpretation of the evidence, the trial court properly denied the plaintiff's motion to set aside the verdict in favor of the respondents (*see Grippo v Sinatra,* 265 AD2d 301; *Moncion v Russo,* 173 AD2d 796; *Kutanovski v DeCicco,* 152 AD2d 540; *Durante v Frishling,* 81 AD2d 631). S. Miller, J.P., Krausman, Luciano and Cozier, JJ., concur.