■ MICHELLE POLIDORO, Respondent, v CONCETTA D'ANGELO et al., Appellants. [767 NYS2d 844]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Suffolk County (Hall, J.), dated December 16, 2002, which upon the granting of the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor as against the weight of the evidence, awarded judgment as a matter of law on the issue of liability in favor of the plaintiff.

Ordered that the judgment is affirmed, with costs.

On June 22, 1999, the plaintiff was driving on Route 347 at its intersection with Crystal Brook Hollow Road in Suffolk County when her vehicle was forced off the road by a vehicle leased and operated by the defendant Concetta D'Angelo and owned by the defendant Nissan Motor Acceptance Corporation. Following a trial, the jury returned a verdict in favor of the defendants, finding that D'Angelo was negligent but that her negligence was not a substantial factor in causing the accident.

By finding that D'Angelo's negligence was not a substantial factor in causing the accident, the jury essentially concluded either that the plaintiff's conduct was the sole cause of the accident or that an intervening factor caused the accident at issue. However, no evidence was presented at the trial to establish any fault on the part of the plaintiff or that any intervening factor existed. Based on the evidence presented at the trial, it was logically impossible for the jury to find that D'Angelo was negligent without also finding causation. Therefore, not only

was the jury verdict against the weight of the evidence because it was unsupported by any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129 [1985]; *cf. Campbell v Crimi,* 267 AD2d 343 [1999]), it also was unsupported by sufficient evidence as a matter of law because there was no valid line of reasoning or permissible inference which could have led the jury to conclude that D'Angelo was negligent but that her negligence was not a substantial factor in causing the accident (*see Szczerbiak v Pilat,* 90 NY2d 553 [1997]; *Sheeler v Blade Contr.,* 262 AD2d 632, 633 [1999]; *Nicastro v Park,* 113 AD2d 129 [1985]). Accordingly, the Supreme Court correctly set aside the verdict and directed the entry of judgment as a matter of law on the issue of liability in favor of the plaintiff (*see Sheeler v Blade Contr., supra*).

The defendants' remaining contention is without merit. McGinity, J.P., Luciano, Schmidt and Rivera, JJ., concur.