■ ROSA P. SENA et al., Respondents-Appellants, v YVONNE NEGRON et al., Respondents. (Action No. 1.) IVONNELIE NEGRON et al., Plaintiffs, v ROSA P. SENA et al., Defendants. (Action No. 2.) JAMIE JEREZ, Appellant-Respondent, v YVONNE NEGRON et al., Respondents, and ROSA P. SENA et al., Respondents-Appellants. (Action No. 3.) [832 NYS2d 236]—

In three related actions to recover damages for personal injuries, etc., (1) the plaintiff in action No. 3 appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Orange County (Owen, J.), dated September 15, 2005, as, upon a jury verdict and upon the denial of that branch of her motion which was pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the defendants Rosa P. Sena and Elner Sena and against her as against the weight of the evidence and for a new trial, dismissed the complaint in action No. 3 insofar as asserted against those defendants and Rosa P. Sena and Elner Sena, the plaintiffs in action No. 1 and defendants in action No. 3, cross-appeal from the same judgment, and (2) the plaintiff in action No. 3 appeals, as limited by her brief, from so much of a judgment of the same court dated November 25, 2005, as, upon the jury verdict and upon the denial of that branch of her motion which was pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the defendants Yvonne Negron, Daniel Negron, and Hann Auto Trust and against her as against the weight of the evidence and for a new trial, dismissed the complaint in action No. 3 insofar as asserted against those defendants, and Rosa P. Sena and Elner Sena separately appeal, as limited by their brief, from so much of the same judgment as, upon the jury verdict and upon the denial of their separate motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial, is in favor of the defendants Yvonne Negron, Daniel Negron, and Hann Auto Trust and against them dismissing the complaint in action No. 1 and dismissing their cross claims against those defendants in action No. 3.

Ordered that the cross appeal by Rosa P. Sena and Elner Sena from the judgment dated September 15, 2005, is dismissed, as they were not aggrieved by the judgment cross-appealed from (*see* CPLR 5511); and it is further,

Ordered that the judgments are reversed insofar as appealed from, on the law, the motion of the plaintiff in action No. 3 pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial is granted, the complaint in action No. 3 is reinstated, the motion of Rosa P. Sena and Elner Sena pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new

trial is granted, the complaint in action No. 1 and the cross claims asserted by Rosa P. Sena and Elner Sena in action No. 3 against the defendants Yvonne Negron, Daniel Negron, and Hann Auto Trust are reinstated, and the matter is remitted to the Supreme Court, Orange County, for a new joint trial on the issue of liability consistent herewith; and it is further,

Ordered that one bill of costs is awarded to abide the event of the new trial.

On December 11, 2002, Jaime Jerez was traveling in a vehicle (hereinafter the Sena vehicle) driven by her mother, Rosa Sena, which was involved in a head-on collision with a vehicle (hereinafter the Negron vehicle) driven by Yvonne Negron. Sena had been traveling north on Route 208 while Negron had been driving south on Route 208.

In action No. 1, Sena and the owner of the Sena vehicle (hereinafter the Sena parties) commenced an action against Negron, the registered owner of the Negron vehicle and the lessor, Hann Auto Trust (hereinafter the Negron parties). A separate action, action No. 2, was commenced by the Negron parties against the Sena parties which action was joined for trial with action No. 1. Action No. 3 was commenced on behalf of passenger Jerez against the Sena parties and the Negron parties. Action No. 3 also was joined with action No. 1 for the purpose of trial. After the trial, the jury returned a verdict finding that neither the Sena parties nor the Negron parties were negligent. Jerez and the Sena parties separately moved pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and for a new trial. The court denied the motions. By judgment dated September 15, 2005, the complaint and the cross claims asserted against the Sena parties in action No. 3 were dismissed. By judgment dated November 25, 2005, the complaint in action No. 1 and the complaint and cross claims in action No. 3 asserted against the Negron parties were dismissed.

It has repeatedly been held that a driver who crosses over a double yellow line into opposing traffic, unless justified by an emergency not of the driver's own making, violates the Vehicle and Traffic Law and is guilty of negligence as a matter of law (see Vehicle and Traffic Law § 1126 [a]; Foster v Sanchez, 17 AD3d 312, 313 [2005]; Gadon v Oliva, 294 AD2d 397 [2002]; Haughey v Noone, 262 AD2d 284 [1999]).

Here, the evidence presented at trial demonstrated that the statute was violated by either Sena or Negron. Neither party presented a nonnegligent explanation for the accident. Rather, each defendant claimed that although it had been raining and/or sleeting for some time, she did not lose control of her vehicle. In

any event, the adverse weather conditions were foreseeable and would not have provided a nonnegligent excuse for the collision (*see Caristo v Sanzone,* 96 NY2d 172, 175 [2001]; *Marsicano v Dealer Stor. Corp.,* 8 AD3d 451, 452 [2004]). Since the evidence established a violation of Vehicle and Traffic Law § 1126 (a) without a nonnegligent explanation for the collision proffered by either the Sena parties or the Negron parties, a finding of negligence against at least one of them was warranted. Consequently, the verdict was not supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Harris v Marlow,* 18 AD3d 608, 610 [2005]), and a new trial must be held on the issue of liability and the apportionment of fault between the Sena parties and the Negron parties to determine if either the Sena parties or the Negron parties are 100% liable or whether liability must be apportioned between these parties.

Jerez's remaining contention is without merit. Spolzino, J.P., Skelos, Covello and Balkin, JJ., concur.