*1160 Appeals from an order of the Supreme Court, Erie County (Joseph G. Makowski, J), entered May 11, 2007 in a personal injury action. The order granted the motion of plaintiffs in action No. 1 to set aside the verdict and grant a new trial on liability and denied the motion of plaintiff in action No. 2 for the same relief.
It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the post-trial motion in action No. 2 and setting aside the verdict in that action and as modified the order is affirmed without costs, and a new trial is granted on liability in action No. 2.
Memorandum: These consolidated actions arise out of a two-vehicle accident that occurred at an intersection controlled by a traffic light. Joan Hastings-Dove, a plaintiff in action No. 1, was a passenger in a vehicle owned and operated by Jennifer A. Turner, a defendant in action No. 1 and the plaintiff in action No. 2. The Turner vehicle collided with a vehicle owned and operated by Brian W. Hackford, a defendant in action No. 1 and the sole defendant in action No. 2. Following a bifurcated trial on liability, the jury found that neither Turner nor Hackford was negligent.
Supreme Court properly granted plaintiffs’ post-trial motion in action No. 1 seeking to set aside the verdict as, inter alia, against the weight of the evidence and granted a new trial on liability, but erred in denying Turner’s post-trial motion in action No. 2 seeking the same relief. The evidence established that plaintiff Joan Hastings-Dove was free from negligence and that the accident was the result of the negligence of one or both drivers, i.e., Turner and Hackford. Neither offered a non-negligent explanation for the accident. Rather, they both testified that they entered the intersection with the traffic light in their favor and that neither saw the other until the moment of impact. Each driver, however, was “obliged to see that which by the proper use of his [or her] senses he [or she] should have seen” (Perez v Paljevic, 31 AD3d 520, 521 [2006]), and “to use ‘reasonable care when proceeding into the intersection’ ” (Strasburg v Campbell, 28 AD3d 1131, 1132 [2006]). Based upon the *1161 evidence at trial, “a finding of negligence against at least one of them was warranted,” and the jury’s finding that neither was negligent is not supported by a fair interpretation of the evidence (Sena v Negron, 38 AD3d 516, 519 [2007]). We therefore modify the order accordingly. Present—Hurlbutt, J.P, Centra, Peradotto, Green and Gorski, JJ.