■ MAUREEN A. DONOHUE, Appellant, v KHALID M. CHAUDHRY et al., Defendants, and ANTONIO R. CUROTTO, Respondent. [881 NYS2d 476]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated March 6, 2008, which granted the motion of the defendant Antonio R. Curotto pursuant to CPLR 4401 for judgment as a matter of law, made after the close of the evidence, and was against her and in favor of that defendant, dismissing the complaint insofar as asserted against that defendant.

Ordered that the order and judgment is affirmed, with costs.

At trial, the defendant Antonio R. Curotto proffered unrefuted testimony that, while proceeding in a westbound direction on Fulton Avenue in Hempstead, he brought his motor vehicle to a stop at a red light, at the intersection of Fulton Avenue and Washington Streets, waited for the traffic light to turn green, and then proceeded into the intersection, where his motor vehicle was struck by a livery cab owned by the defendant Tariq Mehmood and operated by the defendant Khalid M. Chaudhry, which was proceeding in a northbound direction on Washington Street. The plaintiff was a passenger in the livery cab.

"A motion for judgment as a matter of law pursuant to CPLR 4401 may be granted when the trial court determines that, upon the evidence presented, there is no rational process by which a jury could find in favor the nonmoving party (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Xenakis v Vorilas*, 166 AD2d 586, 586-587 [1990]). In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556). The Supreme Court properly granted the motion of the defendant Antonio R. Curotto pursuant to CPLR 4401 for judgment as a matter of law, and properly dismissed the complaint insofar as asserted against him. Curotto, who had the right of way, was entitled to assume that the operator of the livery cab would obey the traffic laws requiring him to stop at a red light (*see Platt v Wolman*, 29 AD3d 663 [2006]). The plaintiff's contention that there exists an issue of fact for the jury as to the negligence of Curotto because he allegedly failed to see that which, by the proper use of his senses, he should have seen, is unsupported by the record and based upon speculation (*see Platt v Wolman*, 29 AD3d at 663). Florio, J.P., Miller, Covello and Austin, JJ., concur.