■ ANGELICA FRANCIS, Respondent, v IGOR PINKHASOV et al., Defendants, and RAFAEL SERRANO et al., Appellants. [896 NYS2d 393]—

In an action to recover damages for personal injuries, the defendants Rafael Serrano and Fusion Corp. appeal from a judgment of the Supreme Court, Kings County (Kramer, J.), entered December 10, 2008, which, upon an order of the same court dated October 29, 2008, granting the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and to direct judgment in her favor in the amount of damages awarded by the jury, is in favor of the plaintiff and against them in the total sum of $79,161.25.

Ordered that the judgment is affirmed, with costs.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle, and imposes a duty on that operator to provide a non-negligent explanation for the collision" (*Ortiz v Haidar*, 68 AD3d 953, 953 [2009]; *see Arias v Rosario*, 52 AD3d 551, 552 [2008]; *Smith v Seskin*, 49 AD3d 628 [2008]). Here, the testimony at trial established that the vehicle owned by the appellant Fusion Corp. and operated by the appellant Rafael Serrano collided with the rear of the plaintiff's vehicle as it was in the process of stopping, causing the plaintiff's injuries. The

appellants did not testify at trial or otherwise introduce evidence of a non-negligent explanation for the rear-end collision. The jury returned inconsistent verdicts on the issues of liability and damages, determining that the appellants' actions were neither negligent nor a substantial factor in causing the plaintiff's injuries, yet awarding the plaintiff damages for her injuries.

The jury's verdict in favor of the appellants on the issue of liability was not supported by legally sufficient evidence as a matter of law (see *Kosinski v Sayers*, 294 AD2d 407, 408 [2002]; *Nicoli v Whelan*, 283 AD2d 623, 624 [2001]; *Sheeler v Blade Contr.*, 262 AD2d 632, 633 [1999]). Accordingly, the Supreme Court properly granted the plaintiff's motion to set aside the jury verdict on the issue of liability and to direct judgment in her favor in the amount of damages awarded by the jury (see *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]).

The appellants' remaining contentions are without merit. Mastro, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.