**42** SHU-FENG LIN, Appellant, v DIAL CONTAINER SERVICE, INC., et al., Respondents. (And a Third-Party Action.) [935 NYS2d 48]——

The plaintiff alleged that she was walking on a sidewalk when she was struck by a portion of a limb which broke off from a nearby tree. A tractor-trailer operated by the defendant Neuschel N. Newman and owned by the defendant Dial Container Service, Inc. (hereinafter Dial), made contact with the tree, causing the limb to break off from the tree. Newman,

who was aware of the presence of the tree, which hung over the roadway, testified at his deposition that the middle of the roadway was under construction, and that a flagman was directing all traffic in his direction of travel to drive all the way to the right of the roadway. The plaintiff commenced this action to recover damages for personal injuries against Newman and Dial. Newman and Dial commenced a third-party action against the City of New York, and a second third-party action against Delaney Associates, L.P., which was performing construction work on the roadway.

The plaintiff established her prima facie entitlement to judgment as a matter of law by demonstrating that Newman's negligent operation of the vehicle proximately caused her accident and that she was not comparatively at fault in the happening of the accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the defendants failed to raise a triable issue of fact. Under the circumstances of this case, the mere fact that discovery was outstanding in the third-party and second third-party actions was an insufficient basis for delaying determination of the motion (*see Silberman v Surrey Cadillac Limousine Serv.*, 109 AD2d 833 [1985]; *see also Cortes v Whelan*, 83 AD3d 763 [2011]).

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.