■ MADELYN LANDSMAN, Appellant, v ANDRE C. SEYTON, Respondent. [942 NYS2d 891]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Ruchelsman, J.), entered February 25, 2011, which, upon a jury verdict in favor of the defendant and against her on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against her, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law is granted, the verdict is vacated, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages, and thereafter for entry of an appropriate judgment.

In order to set aside a jury verdict upon the ground that it is not supported by legally sufficient evidence, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985] [internal quotation marks omitted]). Applying this standard here, there was no valid line of reasoning or permissible inferences which could

have led the jury to determine, at the conclusion of the liability trial, that the defendant was not at fault in the happening of the accident. Even if the jury discredited the trial testimony of the plaintiff and her husband as to the events surrounding the collision, the defendant admitted in his deposition testimony, which was read on the plaintiff's direct case, that his vehicle struck the vehicle in which the plaintiff was a passenger in the rear, while in stop-and-go traffic. Under these circumstances, no valid line of reasoning and permissible inferences could have lead to a conclusion other than that the defendant's vehicle struck the plaintiff's vehicle in the rear. Furthermore, since the defendant failed to offer a nonnegligent explanation for the accident to rebut the presumption of negligence which arises from a rear-end collision, the plaintiff was entitled to judgment as a matter of law on the issue of liability (*see Francis v Pinkhasov*, 71 AD3d 630, 631 [2010]; *Kosinski v Sayers*, 294 AD2d 407, 408 [2002]; *Nicoli v Whelan*, 283 AD2d 623, 624 [2001]).

The plaintiff's remaining contention has been rendered academic in light of our determination, and the defendant's remaining contention is without merit. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.