In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated June 23, 2011, which, upon a jury verdict finding that the defendants were not negligent, granted the plaintiffs motion pursuant to CFLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial.
Ordered that the order is affirmed, with costs.
*799 A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Cohen v Hallmark Cards, 45 NY2d 493, 498 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). The jury’s determination that the defendant bus driver, Thomas Wilson, was not negligent was contrary to the weight of the evidence. The evidence adduced at trial demonstrated that Wilson violated Vehicle and Traffic Law § 1122 (a) by traveling on the shoulder of Montauk Highway and overtaking vehicles proceeding in the same direction while passing on the right. A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023 [2010]; Botero v Erraez, 289 AD2d 274 [2001]).
Accordingly, the Supreme Court properly granted the plaintiffs motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial. Angiolillo, J.P., Florio, Belen and Chambers, JJ., concur.