█ LAWRENCE McCOURT, Respondent, v LUKASZ WASILEWSKI et al., Appellants. (Action No. 1.) DAMIAN ILARDO, Respondent, v TADEUSZ WASILEWSKI et al., Appellants. (Action No. 2.) [995 NYS2d 719]——

In two related actions to recover damages for personal injuries, which were joined for trial, Lukasz Wasilewski and Tadeusz Wasilewski, defendants in action Nos. 1 and 2, appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered May 13, 2013, as granted the separate motions of Lawrence McCourt, the plaintiff in action No. 1, and Damian Ilardo, the plaintiff in action No. 2, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability in favor of Lukasz Wasilewski and Tadeusz Wasilewski as contrary to the weight of the evidence, and for a new trial, and Damian Ilardo and Joseph Ilardo, defendants in action No. 1, appeal, as limited by their brief, from so much of the same order as granted the motion of Lawrence McCourt, the plaintiff in action No. 1, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability in their favor as contrary to the weight of the evidence, and for a new trial.

Ordered that the order is affirmed, with one bill of costs.

On April 20, 2009, Lawrence McCourt was a passenger in a vehicle driven by Damian Ilardo and owned by Joseph Ilardo (hereinafter the Ilardo vehicle). At an intersection controlled by a traffic light, there was a collision involving the Ilardo vehicle and a vehicle driven by Lukasz Wasilewski and owned by Tadeusz Wasilewski (hereinafter the Wasilewski vehicle). The Ilardo vehicle was traveling westbound and the Wasilewski vehicle was traveling northbound.

McCourt commenced action No. 1 against Lukasz Wasilewski and Tadeusz Wasilewski (hereinafter together the Wasilewski

defendants), and Damian Ilardo and Joseph Ilardo (hereinafter together the Ilardo defendants), alleging that they were negligent in the ownership, operation, maintenance, and control of their vehicles. Damian Ilardo commenced action No. 2 against the Wasilewski defendants, alleging that they were negligent in the operation, maintenance, and control of their vehicle. The two actions were joined for discovery and trial. At the trial on the issue of liability, both drivers testified that they proceeded through the intersection while the light was green in their favor. McCourt testified that he did not notice the color of the traffic light when the Ilardo vehicle entered the intersection. The jury returned a verdict in favor of the Wasilewski defendants and the Ilardo defendants, unanimously finding that both drivers were not negligent.

The plaintiffs in both actions moved pursuant to CPLR 4404 (a) to set aside the jury verdict on the ground that it was contrary to the weight of the evidence. The Supreme Court granted the motions and ordered a new joint trial on the issue of liability. The Wasilewski defendants and the Ilardo defendants appeal.

A court may set aside a jury verdict and order a new trial where the verdict is contrary to the weight of the evidence (*see* CPLR 4404 [a]). A jury verdict should be set aside as contrary to the weight of the evidence if "the evidence so preponderate[s] in favor of the [moving party] that the jury could not have reached the verdict by any fair interpretation of the evidence" (*Seong Yim Kim v New York City Tr. Auth.*, 87 AD3d 531, 532 [2011] [internal quotation marks omitted]; *see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Acosta v City of New York*, 84 AD3d 706, 708 [2011]).

A driver who enters an intersection against a red light in violation of Vehicle and Traffic Law § 1111 (d) is negligent as a matter of law (*see Joaquin v Franco*, 116 AD3d 1009 [2014]; *Deleg v Vinci*, 82 AD3d 1146 [2011]). Here, the evidence presented at trial demonstrated that either Damian Ilardo or Lukasz Wasilewski violated Vehicle and Traffic Law § 1111 (d) by entering the intersection against a red light, since both drivers claimed to have entered the intersection with a green light, and neither party provided evidence that the light malfunctioned or was broken (*see Sena v Negron*, 38 AD3d 516, 518-519 [2007]; *see also Hastings-Dove v Hackford*, 56 AD3d 1159 [2008]).

With regard to the granting of the plaintiffs' motions to set aside the verdict, the argument made on appeal by the Wasilewski defendants is the same as to both motions. Those defendants contend that neither plaintiff satisfied his burden of

proof and, since "there was no proof that either driver ran a red light or was otherwise negligent," the jury "would have been speculating if it had found against a particular driver." Contrary to this contention, there was evidence adduced at trial that a driver ran a red light. As to each driver, that proof consisted of the testimony of the other driver that he was proceeding through a green light at the time of the accident. Since one of the drivers must have violated Vehicle and Traffic Law § 1111 (d), a finding of negligence against at least one of them was necessarily warranted (*see Sena v Negron*, 38 AD3d at 519; *see also Hastings-Dove v Hackford*, 56 AD3d at 1160-1161). Consequently, the jury's verdict finding that neither driver was negligent was not supported by a fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d at 746), and a new trial must be held to determine whether either the Ilardo defendants or the Wasilewski defendants "are 100% liable or whether liability must be apportioned between these parties" (*Sena v Negron*, 38 AD3d at 519).

Contrary to the Ilardo defendants' contention, the evidence at trial did not so preponderate in their favor and against the Wasilewski defendants that the Supreme Court should have set aside only so much of the verdict as was in favor of the Wasilewski defendants.

The Wasilewski defendants' remaining contentions do not require reversal.

Accordingly, the Supreme Court properly granted the plaintiffs' motions to set aside the verdict as contrary to the weight of the evidence and ordered a new joint trial on the issue of liability. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.