(November 8, 2017)

■ Helen Canale, Appellant, v L & M Associates of New York, Inc., et al., Respondents. [64 NYS3d 272]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Jimenez-Salta, J.), dated October 26, 2015, which, upon the denial of her motion pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability, upon a jury verdict in favor of the defendants and against her on the issue of liability, and upon the denial of her motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, the plaintiff's motion pursuant to

CPLR 4401 for judgment as a matter of law on the issue of liability is granted, and the matter is remitted to the Supreme Court, Kings County, for a trial on the issue of damages.

The plaintiff commenced this action alleging that a desk, which the defendants had delivered to her place of employment and which was left unsecured and unattended on its side on a dolly by an employee of the defendant L & M Associates of New York, Inc. (hereinafter L & M), fell, causing her to sustain injuries.

According to the testimony at trial, two L & M employees delivered two desks to the JP Morgan Chase Bank branch where the plaintiff worked. When the desks arrived, one desk was placed against a wall by L & M employee Brad Johnson, and the other desk was placed vertically on a dolly held in place by L & M employee James Fisher. The latter desk was L-shaped, wooden, and stood approximately six feet tall on the dolly, which was positioned half on a carpet and half on the tile floor. The plaintiff had her back toward the desk on the dolly, and she asked Johnson to move the desk that had been placed against the wall. When Fisher walked away from the desk he was holding on the dolly to help Johnson move the other desk, he left the desk on the dolly unattended, and it began to sway. The desk then fell, struck the plaintiff, and caused her to fall to the ground.

The defendant Frank Mule, who was involved in operating L & M, testified that "movers have to maintain control of what they are moving at all times," that they must secure objects being moved, and that a failure to do so would not be safe. He also testified that the standard of care in moving a desk required that the desk should be stationary before it is left unattended, and that before movers leave a desk, the desk must be safe and secure so that it cannot fall. According to Mule, leaving desks on dollies unattended would be safe because the desk would be "locked into a dolly. So . . . if nobody is [physically securing the desk], it is locked into the dolly, and it is safe, standing vertically on a dolly." However, Mule did not define what it means to have a desk be "locked into a dolly," and he was not at the branch to observe the conditions of the desk or dolly at the time of the accident.

At the close of the evidence, the plaintiff moved pursuant to CPLR 4401 for judgment as a matter of law on the issue of liability. The Supreme Court reserved decision on the motion. Thereafter, the jury returned a verdict in favor of the defendants on the issue of liability. The plaintiff then moved, in effect, pursuant to CPLR 4404 (a) to set aside the verdict and for

judgment as a matter of law or, alternatively, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability. The court denied both motions, and a judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals, arguing, inter alia, that her motion for judgment as a matter of law should have been granted.

"A trial court's grant of a CPLR 4401 motion for judgment as a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering the motion, the evidence must be viewed in the light most favorable to the nonmoving party, and the court must afford the nonmoving party "every inference which may properly be drawn from the facts presented" (*id.* at 556).

The trial testimony revealed that Fisher left the approximately six-foot-tall desk on its side on a dolly placed partially on tile and partially on carpet, that he did not secure it or make sure that it was stationary before leaving it unattended, and that the desk fell. The defendants do not dispute that they, through their employee, created the condition that the plaintiff alleges existed. There was no evidence, and the defendants did not assert, that Fisher exercised reasonable care when he left the desk unattended on the dolly. The defendants' contention that an issue of fact existed as to whether the accident happened at all is unsupported by the record and based upon speculation (*see Donohue v Chaudhry*, 63 AD3d 876, 877 [2009]; *cf. Petit v VDM Van & Stor. Co.*, 175 AD2d 539, 539-540 [1991]). Based on this record, the Supreme Court should have granted the plaintiff's motion for judgment as a matter of law pursuant to CPLR 4401, made at the close of the evidence (*see McDonald v Metropolitan St. Ry. Co.*, 167 NY 66, 70 [1901]; *Nicholas v C & F Trading Co.*, 107 AD3d 769 [2013]; *Gonzalez v Schupak*, 19 AD3d 367 [2005]; *see also Clarke v Phillips*, 112 AD3d 872 [2013]; *Landsman v Seyton*, 95 AD3d 835 [2012]).

In light of our determination, we need not address the plaintiff's remaining contentions. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a trial on the issue of damages. Rivera, J.P., Roman, Maltese and LaSalle, JJ., concur.