Hodnett v Westchester County Dept. of Pub. Works & Transp. (2020 NY Slip Op 01603)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Hodnett v Westchester County Dept. of Pub. Works & Transp.

2020 NY Slip Op 01603

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2017-08243
(Index Nos. 70318/14, 70799/14, 62129/15)

[*1]Aqiyla Hodnett, plaintiff, 
vWestchester County Department of Public Works and Transportation, et al., defendants. (Action No. 1.)
Ambrose Opare, appellant,
vCounty of Westchester, et al., respondents, et al., defendant. (Action No. 2.)
Sterling Insurance Company, as subrogee of Grab N Go Deli, Inc., et al., appellants,
vCounty of Westchester, et al., respondents. (Action No. 3.)

James Newman, P.C., Bronx, NY (Devin Newman of counsel), for appellant in Action No. 2.
Methfessel & Werbel, New York, NY (Frederic Paul Gallin of counsel), for appellants in Action No. 3.
Keane & Bernheimer PLLC, Valhalla, NY (Connor W. Fallon of counsel), for respondents in Action Nos. 2 and 3.
In three related actions, inter alia, to recover damages for personal injuries and injury to property, which were joined for trial, Ambrose Opare, the plaintiff in Action No. 2, appeals, and

DECISION & ORDER
Sterling Insurance Company, as subrogee of Grab N Go Deli, Inc., and Robert Caggiano, the plaintiffs in Action No. 3, separately appeal, from a judgment of the Supreme Court, Westchester County (Terry Jane Ruderman, J.), dated June 27, 2017. The judgment, insofar as appealed from, upon a jury verdict in favor of the defendants County of Westchester, Liberty Lines Transit, Inc., and Reynaldo Barreto on the issue of liability, and upon the denial of those plaintiffs' separate motions, inter alia, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law, is in favor of the defendants County of Westchester, Liberty Lines Transit, Inc., and Reynaldo Barreto and against those plaintiffs dismissing the complaint in Action No. 2 insofar as asserted against those defendants, and the complaint in Action No. 3.
ORDERED that the judgment is reversed insofar as appealed from, on the law, with one bill of costs to the appellants appearing separately and filing separate briefs, those branches of the separate motions of Ambrose Opare, the plaintiff in Action No. 2, and Sterling Insurance Company, as subrogee of Grab N Go Deli, Inc., and Robert Caggiano, the plaintiffs in Action No. [*2]3, which were, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law are granted, the complaint in Action No. 2 insofar as asserted against the defendants County of Westchester, Liberty Lines Transit, Inc., and Reynaldo Barreto, and the complaint in Action No. 3 are reinstated, and the matter is remitted to the Supreme Court, Westchester County, for a trial on the issue of damages.
On the morning of February 3, 2014, the defendant Reynaldo Barreto, who was employed by the defendant Liberty Lines Transit, Inc., was driving a bus owned by the defendant County of Westchester (hereinafter collectively the defendants) on Lockwood Avenue in Yonkers. Lockwood Avenue is a two-way road with one lane of traffic in each direction that sloped downward toward Saw Mill River Road. A video recorded from onboard the bus showed that as Barreto was driving the bus on Lockwood Avenue, past the Saw Mill River Parkway overpass, toward Saw Mill River Road, a vehicle was stopped several blocks ahead in his lane of travel. There was snow or slush on the surface of the road. The video also showed that, although Barreto had ample opportunity to do so, the bus did not slow down as it approached the stopped vehicle and that Barreto then drove the bus over the double-yellow line and into the lane of oncoming traffic to pass the stopped vehicle. As the bus continued in the lane of oncoming traffic, and after it passed the stopped vehicle, another vehicle began making a right turn onto Lockwood Avenue into the lane on which the bus was still traveling. Barreto avoided a collision with that vehicle, but the bus crashed into a store located at 307 Saw Mill River Road.
Aqiyla Hodnett, the plaintiff in Action No. 1, and Ambrose Opare, the plaintiff in Action No. 2, who were both passengers on the bus, commenced separate actions against the defendants, among others, to recover damages for personal injuries. Sterling Insurance Company, as subrogee of Grab N Go Deli, Inc., and Robert Caggiano, the insurer and owner of the store, respectively, commenced Action No. 3 against the defendants, inter alia, to recover damages for injury to property. The actions were joined for the purposes of discovery and trial.
At trial, Barreto testified that he observed the stopped vehicle in the bus's lane of traffic from "far," approximately four blocks away, and "tapped the brakes." Barreto stated that the bus, which was in "low gear," began to slide and that he crossed over the double-yellow line into the lane of oncoming traffic to avoid colliding with the stopped vehicle. Barreto testified that after the bus passed the stopped vehicle, he observed an oncoming vehicle making a right turn onto Lockwood Avenue. According to Barreto, he then attempted to "make the left turn" onto Saw Mill River Road to avoid a collision, but the oncoming vehicle "was faster." Barreto testified that, at that point, he lost control of the bus, which then skidded and crashed into the store. Hodnett and Opare, the respective plaintiffs in Action Nos. 1 and 2, both testified that the bus was speeding as it proceeded down Lockwood Avenue. The video taken from onboard the bus was admitted into evidence.
During the charge conference, the Supreme Court denied the defendants' request to instruct the jury on the emergency doctrine. Thereafter, the jury returned a verdict in favor of the defendants on the issue of liability by a five-to-one vote. The plaintiffs in each action separately moved, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial on the issue of liability. The court denied those motions. A judgment was entered, inter alia, in favor of the defendants and against the plaintiffs dismissing each of the complaints insofar as asserted against the defendants. The plaintiffs in Action Nos. 2 and 3 appeal.
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Barril v McClure, 163 AD3d 752, 752-753 [internal quotation marks omitted]; see Peterson v MTA, 155 AD3d 795, 797). In considering such motions, "the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Barril v McClure, 163 AD3d at 753 [internal quotation marks omitted]; see Stancati v Gunzburg, 159 [*3]AD3d 1011, 1011-1012; Canale v L & M Assoc. of N.Y., Inc., 155 AD3d 675, 677).
Here, there was no valid line of reasoning and permissible inferences which could possibly lead a rational jury to conclude that the defendants were free from negligence. Barreto's testimony, as well as the surveillance video from onboard the bus, demonstrated that the stopped vehicle was observable from a distance of at least four blocks away, that the bus did not slow down as it approached the stopped vehicle, and that the bus crossed the double-yellow line into the lane of oncoming traffic to pass the stopped vehicle. Vehicle and Traffic Law § 1120(a) provides that "a vehicle shall be driven upon the right half of the roadway," though it makes exceptions for "[w]hen overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement" and "[w]hen an obstruction exists making it necessary to drive to the left of the center of the highway" (Vehicle and Traffic Law § 1120[a][1], [3]).
This Court has held that "a driver who crosses over a double yellow line into opposing traffic, unless justified by an emergency not of the driver's own making, violated the Vehicle and Traffic Law and is guilty of negligence as a matter of law" (Sena v Negron, 38 AD3d 516, 518; see Vehicle and Traffic Law § 1126[a]; Foster v Sanchez, 17 AD3d 312, 313). Here, although the evidence demonstrated that there was snow or slush on the surface of the subject road, the adverse weather conditions, as well as the fact that the road sloped downhill, were foreseeable and known to Barreto and did not provide a nonnegligent explanation for Barreto's violation of the Vehicle and Traffic Law (see Lifson v City of Syracuse, 17 NY3d 492, 498; Caristo v Sanzone, 96 NY2d 172, 174-175; Sena v Negron, 38 AD3d at 518-519; Weir v Slate, 51 AD2d 665). Although the evidence demonstrated that there was a vehicle stopped in the bus's lane of travel, thereby obstructing its path, the evidence also demonstrated that the stopped vehicle was observable from a far distance, that the bus did not slow down after the stopped vehicle came into Barreto's view, and that Barreto crossed over the double-yellow line without slowing down. Under the circumstances, Barreto's loss of control over the bus was the result of his own negligent driving in adverse weather conditions, rather than the result of an emergency not of his own making. The absence of an emergency was recognized by the Supreme Court in its refusal to grant the defendant's request that the jury be given an instruction on the emergency doctrine.
Barreto's operation of the bus under the circumstances here violated Vehicle and Traffic Law § 1120(a). Such violation constitutes negligence as a matter of law and could not properly be disregarded by the jury (see Watson v Narayanan, 149 AD3d 1012, 1013; Fratello v County of Suffolk, 96 AD3d 798, 799; Barbieri v Vokoun, 72 AD3d 853, 856; Johnson v Ahmed, 63 AD3d 1108, 1109). Accordingly, the Supreme Court should have granted those branches of the separate motions of the plaintiffs in Action Nos. 2 and 3 which were, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law.
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court