Smith v Good Samaritan Hosp. of Suffern, N.Y. (2026 NY Slip Op 01240)

Smith v Good Samaritan Hosp. of Suffern, N.Y.

2026 NY Slip Op 01240

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-12445
 (Index No. 33666/18)

[*1]Nicholas Smith, respondent,
vGood Samaritan Hospital of Suffern, N.Y., appellant, et al., defendant.

Wilson, Bove, Conboy, Cozza & Couzens, P.C. (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling], of counsel), for appellant.
Brandon J. Broderick, Esq., LLC, New York, NY (Jason A. Richman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Good Samaritan Hospital of Suffern, N.Y., appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated October 10, 2023. The order granted those branches of the plaintiff's motion which were pursuant to CPLR 4404(a) to set aside so much of a jury verdict as found that the plaintiff was 50% at fault in the happening of an accident and for judgment as a matter of law on the issue of liability and to set aside a separate jury verdict awarding the plaintiff the sums of $200,000 for past pain and suffering and loss of enjoyment of life, $10,000 for past medical expenses, $150,000 for past lost income, and $0 for future pain and suffering, future medical expenses, and future lost income as contrary to the weight of the evidence and for a new trial on the issue of damages.
ORDERED that the order is affirmed, with costs.
On June 8, 2018, the plaintiff was employed as a truck driver and was tasked with delivering a pallet of food products to the defendant Good Samaritan Hospital of Suffern, N.Y. (hereinafter the defendant). In making the delivery, the plaintiff utilized a loading dock (hereinafter the dock) on the defendant's premises. After the plaintiff completed the delivery and was preparing to leave, the plaintiff was standing at the edge of the dock when a piece of concrete broke off from the dock underneath him, causing him to fall and hit the steel bumper of his truck, thereby sustaining various injuries.
In June 2018, the plaintiff commenced this action against, among others, the defendant. At a trial on the issue of liability, the jury found that the plaintiff and the defendant were each 50% at fault in the happening of the accident, and at a separate trial on the issue of damages, the jury awarded the plaintiff the sums of $200,000 for past pain and suffering and loss of enjoyment of life, $10,000 for past medical expenses, $150,000 for past lost income, and $0 for future pain and suffering, future medical expenses, and future lost income.
Thereafter, the plaintiff moved, inter alia, pursuant to CPLR 4404(a) to set aside so [*2]much of the jury verdict as found that the plaintiff was 50% at fault in the happening of the accident and for judgment as a matter of law on the issue of liability and to set aside the separate jury verdict awarding the plaintiff the sums of $200,000 for past pain and suffering and loss of enjoyment of life, $10,000 for past medical expenses, $150,000 for past lost income, and $0 for future pain and suffering, future medical expenses, and future lost income as contrary to the weight of the evidence and for a new trial on the issue of damages. In an order dated October 10, 2023, the Supreme Court granted those branches of the motion. The defendant appeals.
"In order to find that a jury verdict is not supported by sufficient evidence as a matter of law, there must be no valid line of reasoning and permissible inferences which could possibly lead rational people to the conclusion reached by the jury on the basis of the evidence presented at trial" (Kirkland v Ranchers Best Wholesale Meats, Inc., 152 AD3d 656, 656-657 [alteration and internal quotation marks omitted]).
"A property owner has a duty to maintain his or her property in a reasonably safe condition" (Torres v La Borinquena HDFC, Inc., 229 AD3d 830, 831). "However, there is no duty to protect or warn against an open and obvious condition that, as a matter of law, is not inherently dangerous" (id.). "The determination of whether an asserted hazard is open and obvious cannot be divorced from the surrounding circumstances, and whether a condition is not inherently dangerous, or constitutes a reasonably safe environment, depends on the totality of the specific facts of each case" (id. [alteration and internal quotation marks omitted]; see Anderson v East Hills Subaru, Inc., 222 AD3d 606, 607).
Here, contrary to the defendant's contention, there was no valid line of reasoning and permissible inferences which could lead a rational jury to the conclusion that the plaintiff's comparative negligence in parking his truck two to three feet away from the dock or in the manner of folding a lift gate of the truck was a proximate cause of his accident (see Sinagra v City of New York, 287 AD2d 447, 447). Rather, the evidence at trial established that the dock was in a dangerous and defective condition and that the sole cause of the accident was a piece of concrete breaking off from the dock underneath the plaintiff (see Shu-Feng Lin v Dial Container Serv., Inc., 90 AD3d 740, 741). Moreover, in light of the circumstances surrounding the happening of the accident, contrary to the defendant's contention, the condition of the dock did not constitute an open and obvious hazard (cf. Ruiz v Hart Elm Corp., 44 AD3d 842, 844).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside so much of the jury verdict as found that the plaintiff was 50% at fault in the happening of the accident and for judgment as a matter of law on the issue of liability (see Francis v Pinkhasov, 71 AD3d 630, 631; Polidoro v D'Angelo, 2 AD3d 428, 429).
"The amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Nayberg v Nassau County, 149 AD3d 761, 762 [internal quotation marks omitted]; see Avissato v McDaniel, 168 AD3d 653, 654). Where a jury is presented "with conflicting evidence and theories as to the cause of the plaintiff's injuries," and the jury's award for damages is inexplicably low, the verdict may be the result of an impermissible compromise (Avissato v McDaniel, 168 AD3d at 654; see Califano v Automotive Rentals, 293 AD2d 436, 437).
Here, whether the jury found that the accident caused an aggravation of certain preexisting conditions or found that the plaintiff only suffered rib fractures and a punctured lung, the damages awarded were inconsistent with the evidence and deviated materially from what would be reasonable compensation (see Larkin v Wagner, 170 AD3d 1145, 1147; Crooks v E. Peters, LLC, 103 AD3d 828, 830).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was pursuant to CPLR 4404(a) to set aside the jury verdict awarding the plaintiff the sums of [*3]$200,000 for past pain and suffering and loss of enjoyment of life, $10,000 for past medical expenses, $150,000 for past lost income, and $0 for future pain and suffering, future medical expenses, and future lost income as contrary to the weight of the evidence and for a new trial on the issue of damages.
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court